## PARKER and Others *v.* HASTINGS.

A brief must contain an abbreviated statement of the pleadings, proofs, affidavits, &c., with a concise narrative of the facts of the case, and a summary of the points involved, with a citation of authorities, if any are relied upon, and an argument upon all these, characterized by perspicuity and conciseness.

APPEAL from the *Ripley* Circuit Court.

PERKINS, J.—The assignment of errors in this case is as follows:

"State of *Indiana*, sct. In the Supreme Court.

"*Samuel Parker, Freeman Munger, Stephen Merrill*, and *Joseph Zaner* v. *David Hastings.*

"Appeal from the *Ripley* Circuit Court.

"Come the said appellants by *Jonathan W. Gordon*, their attorney, and say there is manifest error appearing in the record and proceedings of the above entitled cause, in this, to-wit:

"1. The jury found contrary to law.

"2. The jury found contrary to evidence.

"3. The Court below modified charges asked by the defendants, which modifications were contrary to law.

"4. The Court misinstructed the jury.

"5. The Court, contrary to law, refused to charge the jury as asked by defendants below.

"6. The Court permitted the plaintiff below to give improper evidence to the jury.

"7. The Court excluded evidence offered by the defendants, proper to have been given.

"8. The Court refused to grant a new trial, and rendered judgment upon the erroneous verdict of the jury.

"9. There are other manifest errors in said record.

"*J. W. Gordon,*

"*Daniel Kelso,*

"Attorneys for appellant."

APPELLANT'S BRIEF.

"In the Supreme Court. *November* term, 1854.

"*James Parker et al.* v. *David Hastings.*

"Appeal from the *Ripley* Circuit Court.

"This was an action of trespass *quare clausum fregit,* brought by *Hastings* against *Parker* and others, for entering upon his lands and removing a dwelling house. Pleas, general issue, and justification under a license. Replication *de injuria.* Trial by jury, and verdict for plaintiff below for 75 dollars.

"There was a motion for a new trial overruled, and judgment on the verdict.

"1. The verdict of the jury was contrary to evidence. 2. The charge of the Court was not the law. 3. The Court qualified the charges asked for by defendants, which qualifications were contrary to law. 4. The Court refused to give charges asked for by the defendants, which should have been given. 5. The Court allowed inadmissible evidence to go to the jury. 6. The Court excluded admissible evidence from the jury. 7. The Court rendered judgment for the plaintiff, on the verdict of the jury, when, according to law, they should have set aside the verdict,

and granted a new trial.    All of which is respectfully submitted.          *J. W. Gordon,* for appellant."

Rule 26 of the Supreme Court, reads thus: "The pages, and lines upon the pages, of transcripts, must be numbered before the cause is submitted, and the transcript must be referred to in the briefs, by page and line." Ind. Dig., p. 722.

This paper, purporting to be a brief, does not, even supposing it to be such, conform to the rule; though the Court. would not, probably, be disposed to, in all cases, avail itself of the defect of want of reference to the lines of the transcript.

But is the paper filed in this case, a brief?

What is a brief?    In the *English* practice it is "an abbreviated statement of the pleadings, proofs, and affidavits at law, or of the bill, answer, and other proceedings in equity, with a concise narrative of the facts of the plaintiff's case, or the defendant's defense, for the instruction of counsel at the trial or hearing." Whart. Law Dict. h. t.

In *America,* at least in *Indiana,* a brief, in addition to the statement of the case above mentioned, should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied on, and an argument based upon both, which should be characterized by perspicuity and conciseness; though, says *Bouvier,* "when the argument is pertinent and weighty, it cannot be too extended. *Ibid.*

It is manifest, from these definitions, that the paper filed by counsel is not a brief.    A mere copy of a part of the assignment of errors can scarcely be dignified with the name.

Such being the fact, the cause is before us without a brief by the appellant.    But by rule 28 of the Supreme Court (Ind. Dig., *supra*), points not made in the brief of counsel are considered as waived; and where no brief is filed, no points are made, and all are waived.    Such being the case, this Court has nothing to do but to affirm the judgment below, or dismiss the appeal, either of which courses it is in its power to take.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

J. W. *Gordon* and D. *Kelso*, for the appellants.