*Orris Blake*, for appellee.

Nov. Term, 1860.

DONOVAN
v.
STEWART.

------

## Donovan *v.* Stewart and Others.

Points not made by counsel in some of the briefs, will be considered as waived, in the suit in which the briefs are filed. (28th rule.)

This rule may appear harsh, but if a party is dissatisfied with a decision of the Court below, the ground of his dissatisfaction ought to be pointed out, and applied to the particular ruling complained of; even if the trouble is not taken to refer to authorities in support of the points made.

APPEAL from the *Wabash* Circuit Court.

HANNA, J.—*Donovan* sued the appellees on an injunction bond, and assigned as breaches thereof, that he had been injured, in this; that he was, by said injunction, prevented from improving, enjoying, and deriving rents from

Friday,
*January* 25.

his lands, &c.; that he lost the sale thereof, and they have since become greatly depreciated in value; that his title thereto was thereby brought into disrepute and discredit; that he was thereby prevented from making sale of said lands; that said lands and improvements have become injured, dilapidated, and wasted, without any fault, &c.; that great expense was occasioned by said proceedings.

A demurrer was sustained to the complaint, of which ruling the appellant now complains.

The complaint avers, among other things, that *Stewart* and others had obtained a judgment on, &c., for, &c., against one *English;* that before said judgment was obtained, appellant had purchased, in good faith, &c., of said *English,* the several tracts of land described; that said *Stewart,* upon a bill filed, averring fraud in said sale, obtained the injunction, upon the granting of which said bond was executed.

The injunction had application to personal property, choses in action, &c.; but in these appellant is not shown to have had any interest. He was interested only in the real estate described.

The question is, whether he sufficiently shows breaches of the bond, in reference to the lands so by him held.

It was assigned, as causes of demurrer, that he does not show that, if the injunction had not been obtained, he would have improved his land, or that he had incurred any expense in preparation, or contemplation of any certain improvements; nor does he aver that he could have obtained any specific rents, &c.; nor does he show that he could have sold any of said property, stating when and to whom, and was prevented, because of the discredit of the title; nor does he show in what manner, particularly, said lands were wasted, the possession not having been taken from him, without his fault; nor does he specify any expense that he had been subjected to because of said injunction; that the damages claimed are speculative, and the injuries charged in gross, and not as to separate tracts of said land, so as to enable defendants to defend, &c.

There were fifteen specific breaches assigned.

Copies of the judgment of *Stewart* and others against

*English*, of the chancery proceedings upon which the injunction was obtained, of the deeds from *English* to appellant, and of the injunction bond, are filed.

Nov. Term,
1860.

DONOVAN
v.
STEWART.

It is averred, and shown by the deeds, that *Donovan* claims, by said transfers from *English*, some forty pieces of land and town-lots, alleged to be of the value of several thousand dollars.

It is insisted by the appellees, that there is no such brief filed by the appellant, as will take the case out of the operation of the 28th rule of this Court, which requires us to treat points not made in briefs as waived; therefore we advert to the magnitude of the interest supposed to be involved, the breaches assigned, and the specific causes of demurrer, which are about three to each breach.

The appellant's brief is as follows:

"Injunction bonds should receive a liberal construction. 1 Blackf. 207.

"An injunction is granted; bond given; the complainant's dominion over his own property taken from him; much of it lost; all of it injured; injunction dissolved; the whole proceedings of defendants found erroneous: it is difficult to see why he has not a remedy."

In view of the facts, that the plaintiff herein had no interest in the personal property affected by the injunction; that the record and pleadings are voluminous; that the property averred to have been damaged, and the injury inflicted, is charged to have been of much value and amount; we are inclined to think that the points in the case, if any such exist, are not shown by the brief filed by the three attorneys, whose names are signed thereto, and are consequently waived.

The rule may appear harsh, but certainly if a party is dissatisfied with a decision of the Court below, the ground of the dissatisfaction might be pointed out, and applied to the particular ruling complained of; even if the trouble is not taken to refer to authorities, in support of the views of such party. The rule is also necessary in regard to the press of business on this Court, which is so great as to preclude us, in ordinary cases, even if we were so disposed, from dis-

Nov. Term.
1860.

charging the duties of the attorney, in searching the record for points, and the books for authorities, *pro* and *con*.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. U. Pettit*, *C. Cowgill*, and *H. P. Biddle*, for appellant.

*Stewart* and *Brackenridge*, for appellees.