## Deford *v.* Urbain.

SUPREME COURT.—*Appellant's Brief.*—*Rule* 14.—On an appeal to the Supreme Court, the only brief filed within sixty days after the submission of the cause was, as to the body thereof, in these words: "Appellant's Brief. We are clearly of the opinion that the judgment of the court below ought to be reversed, and therefore demand that it be done. Respectfully and seriously." *Held,* that this was not a compliance with rule 14, but an evasion thereof; and, on the appellee's motion, the appeal was dismissed.

APPEAL from the Marion Superior Court.

DOWNEY, J.—This cause was submitted on call of the docket, November 27th, 1872. On the 24th day of January, 1873, the appellant filed what is styled a brief, which, omitting the name of the court, of the parties, and of counsel, is as follows:

"APPELLANT'S BRIEF

"We are clearly of the opinion that the judgment of the court below ought to be reversed, and therefore demand that it be done.          Respectfully and seriously."

Rule fourteen of this court provides, that, "where a cause is submitted on call, the appellant shall have sixty days in which to file a brief, and if not filed within the time limited, the clerk shall enter an order dismissing the appeal, unless the appellee shall have filed with the clerk a written request that the cause be passed upon by the court," etc. The brief which we have copied was the only one filed within the sixty days allowed by the rule. While no definite rule can be prescribed as to what a brief shall contain, it is not difficult to come to the conclusion that the paper filed in this case, and above set out, is not entitled to be regarded as such. What a brief should be was indicated by this court in *Parker* v. *Hastings*, 12 Ind. 654. It is quite clear that the paper filed in the case under consideration was filed simply to evade the rule of court, and to avoid its operation. The appellee insists that the appeal ought for this cause to be dismissed, and such is our opinion. It was proper that the clerk should not have dismissed the appeal under the rule.

He could not decide as to whether the rule had been complied with in good faith or not.  It is useless for the court to prescribe rules, if such an evasion of them as this is to be allowed.

The appeal is dismissed, with costs.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellant.

*J. L. Mitchell* and *W. A. Ketcham,* for appellee.

