### Gardner *v.* Stover.

PRACTICE.—*Supreme Court.—Brief.*—A brief, within the meaning of rule 14 of
the Supreme Court, is a statement of the case for the information of the
court.    It should purport to furnish the court some aid in deciding the case,
and should attempt to show why the judgment ought to be reversed or
affirmed.

SAME.—To say that counsel cannot discuss the reasons upon which the court
below decided the case and that the question is upon the sufficiency of the
complaint, is not a brief.

From the Montgomery Common Pleas.

*P. W. Bartholomew, S. C. Willson,* and *L. B. Willson,* for
appellant.

OSBORN, J.—This appeal was submitted on the 28th day
of May, 1873.    No brief has been filed as required by rule
14.    A paper called a brief was filed on the 8th day of June,
of which the following is a copy :

" Appellant cannot in this cause discuss the reasons upon
which the court below sustained the demurrer to the com-
plaint, for the reason that the court below did not announce
the reasons.    The only question is, Is the appellant's com-
plaint sufficient upon which to base his action ?    The
demurrer, of course, admits the facts stated as true."

In *Deford* v. *Urbain,* 42 Ind. 476, this court dismissed an appeal for failing to comply with the above rule. The paper filed in that case was about as explicit as in this. In that case the paper did not purport to contain any statement of the case, or to furnish the court any information.

Tidd says a brief should contain an abstract of the pleadings; a statement of the facts of the case, with such observations as occur thereon. The great rule to be observed in drawing briefs consists in conciseness with perspicuity. Tidd Pr. 799. "A detailed statement of a party's case." Bouv. Law Dict. "An abridgment of a plaintiff's or defendant's case, prepared by his attorney, for the instruction of counsel on a trial at law." Burrill Law Dict.

A brief, within the meaning of rule 14, is some kind of a statement of the case for the information of the court. We will not say that it should be as full as required by an attorney to counsel. Still, it should at least, purport to furnish the court some information; some aid in deciding the case. An attempt should be made to show why the judgment of the court below should be reversed or affirmed.

To say that counsel cannot discuss the reasons upon which the court below decided the case, or to notify the court that the question is upon the sufficiency of the complaint, without making any suggestion, or citing any authority, as in this case, does not purport to be a statement for the information of the court. It is no better than a blank sheet.

The appeal is dismissed, with costs.