Bray *et al. v.* The Franklin Life Insurance Co.

---

BRAY ET AL. *v.* THE FRANKLIN LIFE INSURANCE CO.

BRIEF.—*Requirements of.*—A brief, filed by a party in a cause pending in the Supreme Court, should contain, in addition to an abbreviated state-

ment of the case, a summary of the questions involved, with a citation of authorities, if any, relied on, and an argument based on both.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb a finding or verdict on the mere weight of the evidence.

From the Howard Circuit Court.

*D. Moss,* for appellants.

*S. Blair* and *H. J. Milligan,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellants, to recover the amount due on a certain promissory note, executed by the appellants to the order of one Murphy, an agent of the appellee, and endorsed by him to the appellee.

The cause, having been put at issue, was tried by a jury, and a verdict was returned for the appellee, assessing its damages in the sum of nine hundred and seventy-three dollars and sixty cents. The appellants' motion for a new trial having been overruled by the court, and their exception entered to this ruling, judgment was rendered on the verdict.

The only supposed error assigned by the appellants in this court is the overruling of their motion for a new trial.

The record of this cause contains more than one hundred pages of closely written manuscript, and, upon this record and the appellants' assignment of error thereon, their counsel has furnished us with a brief, in the following words :

"It is insisted, the consideration of the note failed if any ever existed. Hence, the motion for a new trial should have been sustained. Particular attention is called to pages 5 and 6 of the bill of exceptions. The testimony of Mr. Bray fully sustains this view. The court clearly erred in the particulars mentioned and alleged in the motion for a new trial."

These few lines contain the entire argument of the appellants' counsel, upon the questions involved in this case. By rule 14 of the rules adopted by this court on the 6th

day of March, 1871, the appellants were required to file a brief of their case within sixty days after the submission thereof; "and if not filed within the time limited," the rule provided that the clerk of this court should enter an order dismissing the appeal. By rule 16, it is provided that "An application for a supersedeas must be accompanied by a brief referring to the record by pages and lines, and pointing out the error or errors, upon which the appellant relies." It may fairly be inferred, we think, that the brief, above set out, was intended by the appellants' counsel to be merely a brief for a supersedeas, in compliance with said rule 16. But, in that event, it should have been supplemented, we think, with a more elaborate brief, in which counsel should have presented and discussed, with clearness and precision, the questions in the case which he desired this court to pass upon and decide.

Considering the magnitude of the record in this case, we can not regard the appellants' brief as, in any sense, a compliance with the rules of this court for the submission of causes. In the case of *Parker* v. *Hastings,* 12 Ind. 654, it was said by PERKINS, J., in delivering the opinion of the court, that in this State a brief, in addition to an abbreviated statement of the case, "should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied on, and an argument based upon both, which should be characterized by perspicuity and conciseness; though, says *Bouvier,* 'when the argument is pertinent and weighty, it can not be too extended.'" In the case cited, the judgment below was affirmed, with damages, for the want of a sufficient brief under the rules of the court; and, for the same reason, the same action was had in the case of *Bennett* v. *The State, ex rel.,* 22 Ind. 147. To the same effect, also, are the cases of *Deford* v. *Urbain,* 42 Ind. 476, and of *Harrison* v. *Hedges,* 60 Ind. 266.

In conclusion, we may remark that, from the few lines furnished us by the appellants' counsel, in the way of a brief, it would seem to be certain that the only question in this case is a question of the weight of evidence. We may properly add, therefore, what this court has often said, that it can not weigh evidence, and will not disturb the verdict of a jury upon the mere weight of evidence.

The judgment is affirmed, at the appellants' costs.