MILLIKAN ET AL. *v.* THE STATE, EX REL. BISHOP ET UX.

> 70 283
> 151 666

BRIEF.—An appellant's brief should contain more than a mere abstract of the proceedings below, and a merely general statement, without argument, of his objections to such proceedings.

From the Tipton Circuit Court.

*D. Waugh, M. Bell, C. E. Hendry* and *M. McDowell,* for appellants.

*J. O'Brien* and *M. Garrigus,* for appellee.

NIBLACK, J.—This was an action by the State, on the relation of Mary E. Bishop, formerly Mary E. Lee, and her husband, Patrick Bishop, against Thomas Millikan, upon his bond, as guardian of the said Mary, and his sureties, Aaron S. Marshall and Robert J. Chase, and came to the court below on a change of venue from the Howard Circuit Court.

A jury empanelled to try the cause made a special verdict, containing an elaborate finding upon the facts submitted to them, and upon that special verdict the court rendered a judgment against the defendants, for one thousand dollars, the full penalty of the bond sued on.

Various questions were either reserved or attempted to be reserved, upon the pleadings and at the trial, and

numerous errors are assigned upon certain decisions of the court adverse to the defendants.

The paper, however, purporting to be the appellants' brief, contains only a short abstract of the proceedings below, and a general statement of the objections to those proceedings which are relied on for a reversal of the judgment, without any argument or the assignment of any specific reasons, in support of the objections thus indicated. Such a paper is not a brief within the spirit and meaning of Rule 14 of this court and presents no question for our decision in this court. Buskirk Practice, 323 ; *Parker* v. *Hastings,* 12 Ind. 654 ; *Bennett* v. *The State,* 22 Ind. 147 ; *Deford* v. *Urbain,* 42 Ind. 476 ; *Gardner* v. *Stover,* 43 Ind. 356 ; *Donovan* v. *Stewart,* 15 Ind. 493 ; *Burk* v. *Hill,* 55 Ind. 419 ; *Martin* v. *Smith,* 57 Ind. 62 ; *Watson* v. *Piel,* 58 Ind. 566 ; *Yeakle* v. *Winters,* 60 Ind. 554 ; *Merrick* v. *Leslie,* 62 Ind. 459 ; *Williams* v. *Nesbit,* 65 Ind. 171.

The special verdict showed that personal assets, exceeding in amount the penalty of the bond, had come into Millikan's hands, for which he had not properly accounted.

In view of all the circumstances attending this case, we think damages ought to be adjudged against the appellant.

The judgment is affirmed, with costs and five per cent. damages.