No. 10,289.

## SWIHART v. SHAFFER, GUARDIAN.

PRACTICE.—*Plea in Abatement.—Want of Verification.—Demurrer.—Motion to Reject.*—Where the only objection to a plea or answer in abatement is, that it was not verified or sworn to, such objection can not be reached by a demurrer, but only by a motion to reject or strike out such plea or answer.

SAME.—*Errors not Argued.—Waiver.—Supreme Court.*—Errors assigned but not argued will be regarded as waived, and will not be considered by the Supreme Court.

MINOR.—*Marriage of Female Ward to Adult.—Discharge of Guardianship.—Final Account.*—Under section 2526, R. S. 1881, the marriage of a female ward to a person of full age operates as a legal discharge of the guardianship, and the guardian is authorized to account to the wife, with the assent of her husband.

From the Lagrange Circuit Court.

*O. L. Ballou,* for appellant.

*J. S. Drake, F. D. Merritt* and *E. T. Casper,* for appellee.

HOWK, J.—This was a suit by the appellant against the appellee, as the guardian of the person and estate of Myrtie Coats, minor heir of James Coats, deceased, in a complaint of three paragraphs. The cause was put at issue and tried by the court, and a finding was made for the appellee, the defendant below, and over the appellant's motion for a new trial the court rendered judgment against him for appellee's costs.

In this court the appellant has assigned as errors the following decisions of the trial court:

1. In overruling his demurrers to the fourth and fifth paragraphs of appellee's answer;

2. In overruling his demurrer to the seventh paragraph of appellee's answer;

3. In overruling his motion for a new trial;

4. In rendering judgment for appellee instead of for appellant; and,

5. In overruling his motion to re-tax costs.

In the first two paragraphs of his complaint the appellant declared upon an express contract with the appellee, whereby the appellant undertook to care for, maintain and educate the appellee's ward during her minority; for which, it was alleged in the first paragraph, the appellee was to pay a stipulated sum per week; and, in the second paragraph, that he should pay therefor a reasonable compensation, which appellant declared was a certain sum per week. The third paragraph was a common count for necessaries furnished by appellant to appellee's ward, suitable to her station and condition in life.

In the fourth paragraph of his answer the appellee alleged, in substance, that he made no agreement to pay the appellant for the support of his ward; that she resided in appellant's family for two years and no longer; and that, during the time she resided with appellant, she was a strong and robust girl, and performed work and labor in and about appellant's house, and for him and his family, as a servant, and that her said services were worth her boarding, clothing and support; and, that during said time, the father and mother of appellee's ward were both dead, and appellee, as her guardian, was entitled to her said services. Wherefore, etc.

The only objection to this fourth paragraph of answer pointed out in argument by appellant's counsel is, that it was "a plea in abatement, and not sworn to." The paragraph certainly was pleaded in bar of the appellant's action, but, if it

had been pleaded in abatement, it would not have been bad on demurrer thereto, for the want of facts, merely because it had not been sworn to. No other objection to the paragraph has been pointed out by the appellant's counsel, and this objection could not be reached by a demurrer to the pleading for the want of sufficient facts. Where the objection to a pleading is that it is not verified or sworn to, as by law required, the objection can not be reached by a demurrer to such pleading, for the want of sufficient facts. The proper practice, where the pleading is filed without being verified, is to move to reject or strike it from the record. *Indianapolis, etc., R. W. Co.* v. *Summers*, 28 Ind. 521; *Willett* v. *Porter*, 42 Ind. 250; *Sutherland* v. *Hankins*, 56 Ind. 343.

In his brief of this cause the appellant's counsel has not even alluded to the alleged error of the court in overruling the demurrer to the fifth paragraph of appellee's answer. This error, therefore, if it be an error, under the settled practice of this court must be regarded as waived.

The next error complained of in argument by the appellant's counsel is the decision of the trial court in overruling the demurrer to the seventh paragraph of the appellee's answer. This paragraph was an answer only to the third paragraph of the appellant's complaint, and therein the appellee alleged, in substance, that the appellant could not recover a judgment on the third paragraph of his complaint against the appellee, as such guardian, in this action, for the reason that his guardianship of said Myrtie Coats had terminated before the commencement of this suit; that, on the 4th day of September, 1880, the appellee's ward, Myrtie Coats, had intermarried with one Charles Tobey, who was then over the age of twenty-one years, and had been thereafter and then was the wife of said Tobey; that the appellant's action ought to have been brought against the said Charles and Myrtie Tobey; but the appellee admitted that he had not accounted for and paid to said Myrtie the funds in his hands.

Swihart *v.* Shaffer, Guardian.

In section 2526, R. S. 1881, in force at the time, it is provided that "The marriage of any female ward to a person of full age shall operate as a legal discharge of the guardianship; and the guardian shall be authorized to account to the wife, with the assent of the husband." Appellant's counsel, in his brief of this cause, does not complain of the decision of the court in overruling the demurrer to this paragraph of answer, so much as he does of the supposed inconsistency of the court in sustaining a demurrer to the sixth paragraph, "identical in character and averment" with the seventh paragraph of answer. The facts alleged in the sixth and seventh paragraphs of answer are identical; but the court did not err, we think, either in sustaining appellant's demurrer to the sixth paragraph, or in overruling his demurrer to the seventh paragraph of answer. The essential difference between the two paragraphs of answer lies in this, that the sixth paragraph purported on its face to be, and was, an answer to the entire complaint; while the seventh paragraph, by its terms, was expressly limited as an answer only to the third paragraph of complaint. The facts alleged did not constitute any defence whatever to the first and second paragraphs of complaint, which counted upon the appellee's express contract and agreement to pay for the boarding, maintenance and education of his ward; while the same facts were an absolute bar to any recovery upon the cause of action stated by appellant in the third paragraph of his complaint. The court committed no error, as it seems to us, in overruling appellant's demurrer to the seventh paragraph of appellee's answer. The other errors assigned by appellant, on the record of this cause, are not noticed in argument by his counsel, and are therefore regarded as waived.

The judgment is affirmed, with costs.