The City of Anderson v. Neal.

88 317
133 55

No. 10,373.

## THE CITY OF ANDERSON v. NEAL.

PLEADING.—*Sufficiency of Complaint.*—*Demurrer.*—An objection to the sufficiency of the complaint, that "part" of the damages sought to be recovered are too remote, is not reached by a demurrer for the want of facts.

The City of Anderson *v.* Neal.

SUPREME COURT.—*Requirements of Brief.*—Under the rules and decisions of the Supreme Court, the appellant's brief should contain a statement of the points or questions in the record upon which he relies for the reversal of the judgment, and the citation of his authorities, if any, and a perspicuous and concise argument.

From the Madison Circuit Court.

*D. J. Crittenberger, C. L. Henry* and *H. C. Ryan,* for appellant.

HOWK, C. J.—This was a suit by the appellee against the appellant, in a complaint of two paragraphs. The object of the suit was to recover damages for certain described injuries to a house and lot, owned by appellee, within the corporate limits of the city of Anderson. It was alleged that the injuries and grievances complained of were caused by the appellant's negligent and unskilful construction of a certain ditch or drain, in such manner as to throw a large quantity of surface water on the appellee's premises, and by its subsequent negligence in permitting such ditch or drain to become so obstructed that it would not carry off the accumulated water, by means whereof his house and out-houses were overflowed with water, his cellar was filled with mud, and the walls of his cellar were undermined and injured. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $60. Over the appellant's motion for a new trial the court rendered judgment on the verdict.

Appellant has here assigned as errors the decisions of the circuit court in overruling its demurrer, for the alleged want of facts, to each paragraph of appellee's complaint, and its motion for a new trial.

The appellant's counsel say : " The objections to the complaint are the same, in substance, to each paragraph. The complaint, in either paragraph, does not sufficiently charge that the damage was occasioned by the negligence of the city; neither does it sufficiently charge that the appellee was not guilty of contributory negligence. Again, the damages complained of are, a part of them, too remote." These

The City of Anderson *v.* Neal.

are the only points made by the appellant's counsel against.
the appellee's complaint, and, upon these points, we have
quoted all that they have said in their brief of this cause. In
each paragraph of his complaint the appellee charged in plain
and direct terms that the injuries to his property, for which
he claimed damages, were occasioned by the appellant's neg-
ligence; and he also charged that he in no way, "by negli-
gence or otherwise," contributed to the injuries and griev-
ances of which he complained. If, as counsel claim, any
"part" of the damages complained of are too remote, they
have not pointed out the particular part; and, besides, if the
objection existed, it could not be reached by the demurrer to
the complaint. We think that each paragraph of the com-
plaint was sufficient, and that the demurrer thereto was cor-
rectly overruled. *City of South Bend* v. *Paxon,* 67 Ind. 228;.
*Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135); *City
of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86); *Town of
Martinsville* v. *Shirley,* 84 Ind. 546.

The argument of appellant's counsel upon the alleged error
of the court in overruling the motion for a new trial is less
satisfactory, if possible, than their argument in relation to the
supposed insufficiency of the complaint. Of the motion coun-
sel say: "It assigns nine causes for a new trial, each of which
presents a different question, and we are clearly of the opinion
that a new trial should have been granted." About some
questions, "which were raised in the lower court, on the ad-
missibility of certain evidence, and the propriety of certain
questions asked witnesses by appellee," counsel say: "We
think all of these objections were well taken and should have
been sustained."

Of the court's instructions, complained of by appellant, its.
counsel say: "To these we invite the careful attention of the
court, for we think they fall far short of presenting to the
jury the law of the case, as it is now well established by re-
peated decisions of this court." Thus closes the appellant's
brief of the case at bar. It can not be said that this brief

complies with the requirements of the rules and decisions of this court. In *Parker* v. *Hastings*, 12 Ind. 654, it was said that in this State a brief, in addition to an abbreviated statement of the case, "should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied on, and an argument based upon both, which should be characterized by perspicuity and conciseness." This statement of the requisites of a brief, under the rules of this court, has often been quoted with approval, and the judgments below have been affirmed with costs and damages, for the want of such briefs, in the later decisions of this court. *Bennett* v. *State, ex rel.*, 22 Ind. 147 ; *Deford* v. *Urbain*, 42 Ind. 476 ; *Gardner* v. *Stover*, 43 Ind. 356 ; *Harrison* v. *Hedges*, 60 Ind. 266 ; *Bray* v. *Franklin Life Ins. Co.*, 68 Ind. 6 ; *Millikan* v. *State, ex rel.*, 70 Ind. 283 ; *Wilson* v. *Holloway*, 70 Ind. 407.

It seems to us that in this case the appellant's counsel might and should have pointed out in what respect the instructions of the court fell " far short of presenting to the jury the law of the case ; " and that they might and should have cited one or more of the " repeated decisions of this court " to which they allude so indefinitely in their brief of this cause. In what counsel have said in relation to " the admissibility of certain evidence and the propriety of certain questions asked witnesses by appellee," they do not in their brief, as required by Rule 19, "refer specifically to the record by page and line," for the matter relied on as error. The evidence in the record covers more than one hundred pages of manuscript. As was said by this court, in *Rout* v. *Woods*, 67 Ind. 319, we say again : " We decline to search through the voluminous record in pursuit of the supposed errors." If there were errors of law committed at the trial, the appellant's counsel have not so presented and discussed the questions as to require of us their decision under the rules of this court.

The judgment is affirmed, with costs.