Filed March 14, 1884.

———◆———

No. 9987.

ARBUCKLE v. BIEDERMAN ET AL.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial, assigning for cause that the court " admitted improper evidence" and excluded "competent evidence, as shown by bill of exceptions No. 2, now exhibited to the court," is too indefinite to present any question where the bill of exceptions is not filed until afterwards.

SAME.—*Bill of Exceptions.*—*Instructions.*—Under the code of 1852 no question as to instructions could be saved by a bill of exceptions filed at a subsequent term unless time was given to file the bill at the term at which the cause was tried.

SAME.—*Brief.*—*Waiver.*—A brief which merely states a question, but fails to so discuss it as to show any reason for questioning the action of the court below, is a waiver of the question.

FRAUD.—*False Representations.*—*Lease of Coal Mine.*—*Pleading.*—A complaint by the lessee against the lessor of a coal mine, which could not be examined, showing that by representations of material matters known

by the lessor to be false, he induced the plaintiff to take the lease which was of less value than if the statements had been true, specifying the particulars, contains a good cause of action.

From the Vigo Circuit Court.

*I. N. Pierce, T. W. Harper, C. F. McNutt, B. E. Rhoads, C. Byfield* and *L. Howland,* for appellant.

*W. Eggleston,* for appellees.

BICKNELL, C. C.—This was a suit by the appellees against the appellant to recover damages for false representations and fraud in reference to a coal mine which the appellees were seeking to lease, and, relying on such representations, did lease from the appellant on the second day of October, 1879.

The suit was commenced in March, 1880. The defendant filed an answer in three paragraphs, of which the first was a general denial and the second and third were counter-claims. The plaintiffs answered the counter-claims in two paragraphs, to wit, the general denial, and a special answer, to which the defendant replied by a general denial. The issues were tried by a jury at the September term of the court, 1880. There was a verdict for the plaintiffs for $2,500. A motion by the defendant for a new trial was made at this term, and the cause was continued.

In February term, 1881, to wit, on March 25th, 1881, the defendant filed his bill of exceptions No. 1, containing the instructions and exceptions thereto, and he also filed his bill of exceptions No. 2, containing the evidence and the exceptions in relation thereto, and the motion for a new trial was then overruled. The defendant at the time excepted to the ruling on the motion for a new trial, and filed his bill of exceptions No. 3, containing certain affidavits in support of his fifth reason for a new trial, together with the exception to the ruling on the motion for a new trial. Judgment was rendered upon the verdict on the 29th day of March, 1881, of February term.

The errors assigned are:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. Error in overruling the demurrer to the complaint.

3. Error in overruling the motion for a new trial.

The motion for a new trial, made at the September term, 1880, was supported by the following reasons then filed:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to the law.

3. The damages are excessive.

4. Error of the court on the trial excepted to at the proper time, to wit:

*a.* Admitting improper and incompetent evidence offered by the plaintiffs as shown by bill of exceptions No. 2, now exhibited herewith to the court as a part hereof.

*b.* Excluding proper and competent evidence offered at the proper time by the defendant as shown by bill of exceptions No. 2, filed herewith as a part hereof, exhibited to the court now here.

*c.* In giving instructions asked by plaintiffs and numbered 1, 2, 3, 4, 5 and 6, and in giving each of said instructions, and excepted to as shown in bill of exceptions No. 1, filed herewith as a part hereof.

*d.* In refusing to give instructions asked by the defendant at the proper time, and numbered 3, 4, 6, 7, 10 and 12, as shown and set forth in bill of exceptions No. 1, filed herewith as a part hereof.

The foregoing were all the reasons for a trial filed at September term, 1880, but after the continuance of the cause, and before the February term, 1881, to wit, on January 6th, 1881, the following was added to the causes for a new trial, without any leave of court or consent of parties:

5. Because of newly discovered evidence material for the defendant, and which evidence was discovered by the defendant since the former trial, and which is set forth in the affidavits of divers persons, which affidavits are filed herewith as a part hereof, and this reason is now, on this 6th day of

January, 1881, and pending this motion, added to the reasons heretofore filed.

Of the original reasons for a new trial the appellant, in his brief, discusses only the admission and exclusion of certain testimony, and the refusal to give certain instructions asked for by the defendant. The other original reasons are, therefore, waived.

The original reasons for a new trial, so far as they relate to the admission or exclusion of testimony, are not sufficiently specific to present any question to this court.

The names of the witnesses are not given; the testimony is not stated. *Sherlock* v. *Alling,* 44 Ind. 184. The statement is that the court admitted improper evidence and excluded proper evidence, as shown by bill of exceptions No. 2, herewith filed.

In *Waybright* v. *State,* 56 Ind. 122, this court said : " To refer in this manner to evidence in a bill of exceptions or other paper, without distinguishing it from other evidence in the same bill of exceptions or paper, is insufficient, as we have often decided." Besides, the motion for a new trial was filed at September term, 1880, and bill of exceptions No. 2 was not filed until March 25th, 1881, at February term, 1881. There can be no valid reference, in reasons for a new trial, to a bill of exceptions not in existence when such reasons are filed. *Mc-Cammack* v. *McCammack,* 86 Ind. 387 ; *Sutherland* v. *Hankins,* 56 Ind. 343.

As to the alleged error in the refusal of the instructions, the cause was tried at the September term, 1880, but no exception was then saved, nor was any time then allowed for filing the bill of exceptions. At a subsequent February term of the court in 1881, the motion for a new trial was overruled and bill of exceptions No. 1, purporting to contain the instructions, was then filed. Under the code of 1852, which was then in force, such a bill of exceptions was not available for the purpose of saving any exceptions taken at the prior term of the court when the trial was had. *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110 ; *Heaton* v. *White,* 85 Ind. 376. And

the exceptions to the instructions were not saved in the other mode prescribed by sections 324 and 325, code of 1852, because it is not shown ·that the instructions were filed as required by said section ·325. *Supreme Lodge, etc.,* v. *Johnson, supra.* Therefore no question is presented in reference to the refusal of instructions.

As to the newly discovered evidence, there is no discussion in the brief of the appellant of the ruling of the court below.

The statement in the brief is as follows:

" The court erred in overruling the motion for a new trial for the fifth cause, newly discovered evidence. T. p. 25, l. 25. For affidavits supporting the cause see T. p. 38, l. 17, and then to page 48, l. 15. We insist that the affidavits of E. A. Boyer and T. H. Riddle are of themselves sufficient to justify the court in granting appellant a new trial."

This is substantially a mere repetition of a part of the assignment of errors with reference to certain lines of the transcript. In *Parker* v. *Hastings*, 12 Ind. 654, this court said : " In Indiana, a brief, in addition to the statement of the case, * should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied on, and an argument based upon both, which should be characterized by perspicuity and conciseness ; though, says Bouvier, ' when the argument is pertinent and weighty, it can not be too extended.' * * A mere copy of a part of the assignment of errors can scarcely be dignified with the name." See, also, *Deford* v. *Urbain*, 42 Ind. 476 ; *Gardner* v. *Stover*, 43 Ind. 356. In the case last cited the court said : " It" (the brief) "should at least, purport to furnish the court some information. * An attempt should be made to show why the judgment of the court below should be reversed or affirmed." In the brief in the case at bar there is no discussion of the question as to the newly discovered evidence ; the statement is substantially, that the court erred and the affidavits will show it. This is not a discussion of the points involved, and the case, as to the newly discovered evidence, comes

fairly within the rule that causes for a new trial not discussed in the appellant's brief will not be considered by this court. *Stockton* v. *Lockwood*, 82 Ind. 158; *Powers* v. *State*, 87 Ind. 144; *Millikan* v. *State, ex rel.*, 70 Ind. 283.

The first and second assignments of error may be considered together. They present the question as to the sufficiency of the complaint.

The complaint states that the plaintiffs leased from defendant a certain coal mine for forty years and were to pay so much for the royalty; that they knew nothing about the mine or the coal that had been taken therefrom; that it was filled with water and could not be inspected; that defendant had last worked it and knew its condition; that in order to induce plaintiffs to take said lease, the defendant falsely and fraudulently represented to them that only three or four acres of the mine had been worked out, and that only four acres of the mine were covered with water which would have to be removed, and that the mine was in proper order for working; that the defendant also made other false representations as to the drainage of the mine and the quantity of coal near the shaft, and as to the condition of the shaft; that the plaintiffs relied on these representations, believing them to be true, and therefore took the lease; that the representations were all false and were known to be false by defendant when he made them; that instead of four acres, twenty-five acres had been mined, as defendant well knew, and that instead of having to take the water from four acres, which could have been done for $400, they had to take the water from twenty-five acres before they could examine and work the mine, to do which cost $2,500 and four months' labor, whereby they were prevented from working the mine for three months at the most profitable season of the year, to their further damage $500; that the shaft was decayed and unfit to use, and that if the said false representations had been true, the lease would have been worth to plaintiffs $8,500, but as the facts were it was not worth anything.

These representations were not mere statements as to value; they were representations of material existing facts upon which the plaintiffs had a right to rely. The complaint avers that they were false and known to be false, and were made in order to induce the plaintiffs to take the lease, and were relied on by the plaintiffs, who had no opportunity to examine for themselves. The complaint, therefore, contained a good cause of action. *Burt* v. *Bowles*, 69 Ind. 1; *Jenkins* v. *Long*, 19 Ind. 28.

There is no available error in the record; the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed, at the costs of the appellant.

Filed Dec. 19, 1883. Petition for a rehearing overruled March 14, 1884.