Kaster *et al. v.* Kaster *et al.*

---

No. 10,332.

## KASTER ET AL. *v.* KASTER ET AL.

SUPREME COURT.—*Brief.*—A brief which simply relates the nature of the action, coupled with a statement of certain rulings and actions of the court below, and copying the assignment of errors, but containing neither citation of authorities nor argument upon any point in the case, presents no question to the Supreme Court.

From the Bartholomew Circuit Court.

*F. T. Hord, A. Major* and *S. Major,* for appellants.

*B. F. Love,* for appellees.

BICKNELL, C. C.—This was a suit by the appellees to establish a lost will. Since the submission the appellant John Kaster has died testate. His executor, West C. E. Wanne, his widow, Rebecca Kaster, and his heirs at law, John Kaster, William Kaster, Leander Kaster, Zeno Kaster and Sarah F. Bassett, on their own application, are substituted for said John Kaster herein, and on their motion the appeal herein as to them is dismissed, pursuant to agreement on file, and on motion of the original appellant, William Kaster, the appeal

herein is now dismissed as to him, pursuant to the agreement on file. The remaining appellants have filed a brief, of which the following is a copy:

" This was an action in the court below to establish a lost will. Answers were filed and demurrers sustained, to which appellants excepted.

" Instructions were given to the jury, over appellants' objection, and the following errors were committed by the court below upon its several rulings:

" 1. The court erred in overruling a demurrer to the first, second and third paragraphs of the complaint severally.

" 2. The court erred in sustaining a demurrer to the third paragraph of defendants' answer.

" 3. The court erred in overruling defendants' motion to suppress and quash parts of the deposition of William H. Adams, a witness for the plaintiffs.

" 4. The court erred in overruling defendants' motion to suppress the cross-examination of William Adams' deposition taken by the defendants.

" 5. The court erred in permitting the plaintiff to read in evidence the deposition of William H. Adams, taken by defendants.

" 6. The court erred in permitting Joseph Cummins to testify to the statements of the plaintiffs, " that they could not do anything, that mother was alive and Bill had stolen the will.

" 7. The court erred in permitting the plaintiff to read to the jury the cross-examination of William H. Adams, in the deposition taken by the defendants.

" 8. The court erred in permitting the plaintiff to read to the jury questions and answers numbered 25 and 26 of the cross-examination of William H. Adams, in the depositions taken by the defendants.

" (Signed)      MAJOR & MAJOR,<br>" Attorneys for Appellants."

This brief, so called, so far as its several specifications are

concerned, is an exact copy of the eight specifications of the appellants' assignment of errors.

It was decided in *Bennett* v. *State, ex rel.*, 22 Ind. 147, that errors assigned and simply copied into the brief of the party making the assignment, without argument or authority in support of them, will not be considered by this court. Errors assigned and not argued are regarded as waived. *Swihart* v. *Shaffer*, 87 Ind. 208.

A brief must contain a summary of the points or questions involved, with a citation of authorities, if any are relied on, and an argument based upon both. *Parker* v. *Hastings*, 12 Ind. 654. For the want of such a brief the judgment appealed from may be affirmed. *Bennett* v. *State, ex rel., supra; Deford* v. *Urbain*, 42 Ind. 476; *Gardner* v. *Stover*, 43 Ind. 356; *Harrison* v. *Hedges*, 60 Ind. 266; *Bray* v. *Franklin Life Ins. Co.*, 68 Ind. 6; *Millikan* v. *State, ex rel.*, 70 Ind. 283; *Wilson* v. *Holloway*, 70 Ind. 407; *City of Anderson* v. *Neal*, 88 Ind. 317.

It may be observed that the 3d, 4th, 5th, 6th, 7th and 8th specifications of the assignment of errors relate to matters occurring upon the trial, and are therefore not available in an assignment of errors. *Patterson* v. *Lord*, 47 Ind. 203.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed March 6, 1884.