Robbins *et ux. v.* Magee *et al.*

Filed May 27, 1884.

No. 10,581.

## ROBBINS ET UX. *v.* MAGEE ET AL.

SUPREME COURT.—*Assignment of Errors.*—That the finding is contrary to law, not sustained by sufficient evidence, or contrary to the law and the evidence, will not, as assignments of error, present any question in the Supreme Court.

SAME.—A joint assignment of errors by several appellants will not present to the Supreme Court a question made upon a ruling against only one of them.

Robbins *et ux. v.* Magee *et al.*

SAME.—*Briefs.*—As to what constitutes such a brief as is required by the rules of the Supreme Court in order to present a question, see opinion.

REHEARING.—A rehearing will not be granted to enable the appellant so to amend his assignment of errors as properly to present the questions in the record.

From the Rush Circuit Court.

*J. Q. Thomas, J. J. Spann* and *W. A. Moore,* for appellants.

*J. S. Scobey, W. A. Cullen, B. L. Smith, J. D. Miller, F. E. Gavin, C. Ewing* and *J. K. Ewing,* for appellees.

FRANKLIN, C.—This case has heretofore been before this court. *Robbins* v. *Magee,* 76 Ind. 381. The judgment was then reversed for the erroneous overruling of demurrers to certain answers. The opinion states the substance of the pleadings, which will give some idea of the facts in the case.

On the return of the case to the court below, the answers were amended to obviate the objections ruled upon by this court. Issues were formed, and there was a trial by the court, finding for the defendants, and a judgment for costs was rendered upon the finding.

The plaintiffs again appealed to this court, and have assigned eight specifications of error.

The first three are that the finding is contrary to law, not sustained by sufficient evidence, and is contrary to the law and the evidence.

These are not proper specifications of error. The only way to make these questions available in this court is to embrace them as reasons in a motion for a new trial, and assign error upon the overruling of the motion. If there was any such motion made in this case, there has been no error assigned upon the overruling of it. Hence these questions are not before us in a way to be considered.

The fourth specification of error is, " Because the court overruled the demurrer of the plaintiff Jacob F. Robbins to the second paragraph of the defendant Styers' answer." There are two appellants, and the assignment of error is treated by the parties as being jointly made by both of them. There-

fore, a specification of error upon a ruling made against only one of them is not good. A joint assignment of errors is like a joint complaint or demurrer, if not good as to all, it is not good as to any. *Estep* v. *Burke*, 19 Ind. 87; *Teter* v. *Hinders*, 19 Ind. 93; *Towell* v. *Hollweg*, 81 Ind. 154; *Williams* v. *Riley*, 88 Ind. 290; *Walls* v. *Baird*, 91 Ind. 429.

The fifth specification is in sustaining the demurrer to the second paragraph of the reply. It is not referred to or discussed as being complained of in appellants' brief; it is therefore regarded as waived.

The sixth specification is on overruling the demurrer to the cross complaint of Styers.

The seventh is for overruling the demurrer to the third and fourth paragraphs of Magee's answer.

The eighth is for overruling the demurrer to the creditors' answer.

After stating the facts and the pleadings, with the rulings thereon, in appellants' brief, all that they further say therein about these specifications of error is as follows: " We say that all these matters are errors; and that the court erred in overruling the demurrer to the answer of the creditors, as set forth above, and also that the court erred in overruling the demurrer to the second, third and fourth paragraphs of the answer of Magee; and the court erred in refusing to strike out the first paragraph of the answer of Styers; that the court erred in overruling the demurrer to the same, and also by overruling a demurrer to the cross complaint of Styers, as noticed above; that the evidence is not sufficient," etc. They then refer to the evidence in a like general way, and close their brief.

Since this opinion was prepared appellants have filed a supplemental brief fully discussing the evidence. But as there is no assignment of error upon overruling a motion for a new trial, no question upon the evidence is presented for consideration.

It is insisted by appellees that appellants' brief is insuffi-

·cient to require the court to investigate and decide the questions properly specified in the assignment of errors.

A mere repetition of the specifications in the assignment of errors is not a sufficient brief. To simply say that the court erred, without showing wherein the error consisted, is the statement of a mere conclusion, without furnishing the facts or authority upon which it is based, and is insufficient as a brief in the case.

In a brief the points relied upon should be stated with perspicuity, and argued in a clear and concise manner, and the authorities, if any, cited. *Parker* v. *Hastings,* 12 Ind. 654; *Bennett* v. *State, ex rel.,* 22 Ind. 147; *Deford* v. *Urbain,* 42 Ind. 476; *Gardner* v. *Stover,* 43 Ind. 356; *Roy* v. *State,* 58 Ind. 378; *McCann* v. *Rodifer,* 90 Ind. 602.

In the case of *Millikan* v. *State,* 70 Ind. 283, it is said that " a general statement of the objections to those proceedings which are relied on for a reversal of the judgment, without any argument or the assignment of any specific reasons, in support of the objections thus indicated. Such a paper is not a brief within the spirit and meaning of rule 14 of this court and presents no question for our decision in this court."

In the case of *Harrison* v. *Hedges,* 60 Ind. 266, it is said: "'Life is too short,' and the docket of this court is entirely too much crowded, for parties and their counsel to expect or require us to devote our time to searching for errors which they ought, under the long established rule of this court, to refer specifically to, in their briefs."

In the case under consideration, no specific objection is pointed out to the rulings of the court upon the pleadings referred to, and no reason is given whatever to show why the rulings complained of should be held erroneous. Although the page and line in the record of the rulings are referred to, the court needs to be informed why the rulings are objected to, by giving the reasons, if any exist, why the rulings should

Robbins *et ux. v.* Magee *et al.*

be held erroneous. And as this has not been done in this case, this court will not search for reasons upon which to reverse the judgment.

We think that this attempted brief, as to these specifications of error, is not a substantial compliance with rule 14 of this court, and is not sufficient to require any decision by this court upon the objections to these rulings upon the pleadings.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in, all things affirmed, with costs.

Filed March 29, 1884.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—The rehearing is asked for the purpose of enabling appellant to amend his assignment of errors.

There is nothing in the assignment of errors in relation to a motion for a new trial, and no question based upon the sufficiency of the evidence could be considered. Appellant earnestly insists that he ought to have a rehearing and be permitted to assign as error the overruling of the motion for a. new trial, so that the merits of the case upon the evidence could be passed upon, and in support thereof we have been referred to the case of *Yater* v. *Mullen,* 24 Ind. 277, as a case wherein a rehearing was granted to enable the petitioner to amend the record.

In this reference appellant is certainly mistaken; the petition for a rehearing in that case was overruled instead of being granted, and in overruling it a certain statement in the original opinion was corrected.

The record in this case was filed in this court December 14th, 1882. The cause was submitted May 29th, 1883. Appellant's brief was filed February 18th, 1884. Appellant's additional brief, by additional counsel, upon the weight of the evidence, was filed March 22d, 1884.

Ample time had elapsed before the decision of the case on the 29th day of March, 1884, for any desired amendment of the assignment of errors, or by *certiorari* of any other part of the record. And when appellant filed his elaborate brief upon the evidence without any notice of desiring to make an application to amend the assignment of errors, nothing appeared in the record requiring further delay in the decision of the case. And the rule is well settled that a rehearing will not be granted to enable a party to amend the record. *State, ex rel.*, v. *Terre Haute, etc., R. R. Co.*, 64 Ind. 297; *Warner* v. *Campbell*, 39 Ind. 409; *Cole* v. *Allen*, 51 Ind. 122; *Merrifield* v. *Weston*, 68 Ind. 70.

PER CURIAM.—The petition for a rehearing is overruled.
Filed May 29, 1884.