Pratt *et al. v.* Allen.

Filed May 14, 1884.

—————◆—————

No. 11,006.

PRATT ET AL. *v.* ALLEN.

SUPREME COURT.— *Evidence Excluded.—New Trial.—Practice.*—Where alleged error in the exclusion of evidence is not made a cause in a motion for a new trial, it can not be considered by the Supreme Court on appeal.

SAME.—*Pleading Rejected.—Bill of Exceptions.*—Error in refusing a pleading offered must be made part of the record by a bill of exceptions.

SAME.—*Time of Filing.—Record.*—To constitute a bill of exceptions part of the record, it must affirmatively appear by the record that the bill of exceptions, filed after the term, was filed within the time fixed by the court.

SAME.—*Brief.*—See opinion for a brief held not to comply with the rule of the Supreme Court.

From the Rush Circuit Court.

*J. Q. Thomas, J. J. Spann* and *J. W. Study,* for appellants.
*W. A. Cullen* and *B. L. Smith,* for appellee.

ZOLLARS, J.—Appellants complain of the rulings of the court below in excluding evidence offered by them under a plea in abatement, and in refusing them leave to file an answer in bar.

These questions are not before us for decision, for more than one reason.

*First.* The exclusion of the evidence, if error, was an error which occurred during the trial, and the question of such exclusion should have been presented to the court below as a cause for a new trial. We can not know that it was so presented, or decide that the court erred in overruling the motion for a new trial, because there is no such motion in the record.

*Second.* We have no way of knowing the character of any offered plea in bar, that any was offered, or that the court below refused to allow any plea to be filed, because these matters could only be preserved and brought into the record by a bill of exceptions, and there is no such bill properly in the record.

The record shows that time was given in which to file a bill of exceptions. The signature of the judge to what purports to be a bill of exceptions indicates that he signed it within the time. It is copied into the transcript, but there is nothing in any way to show or indicate when the bill was filed, or that it was ever filed. A bill of exceptions, to become a part of the record, must be filed within the time given by the court, and the record must affirmatively show such filing. *Loy* v. *Loy*, 90 Ind. 404; *Dunn* v. *Hubble*, 81 Ind. 489; *Stivers* v. *McConnell*, 39 Ind. 240.

*Third.* Appellants' brief is not a compliance with the rule in relation to briefs. After a statement of the two alleged errors, without any reference to the pages of the record, counsel say, they are of the opinion that in the exclusion of the offered evidence, and the refusal of leave to file the plea in bar, the court below erred. No reasons are stated nor authorities cited. See *Powers* v. *State*, 87 Ind. 144; *Millikan* v. *State, ex rel.*, 70 Ind. 283; *Wilson* v. *Holloway*, 70 Ind. 407; *City of Anderson* v. *Neal*, 88 Ind. 317; *Gardner* v. *Stover*, 43 Ind. 356; *Deford* v. *Urbain*, 42 Ind. 476; *Parker* v. *Hastings*, 12 Ind. 654; *McCann* v. *Rodifer*, 90 Ind. 602; Works Pr., sec. 1098.

*Fourth.* The pages of the record are not numbered, nor are there marginal notes, as required by rule 19 of this Court.

The judgment is affirmed, with costs.

Filed May 15, 1884.