The Louisville, New Albany and Chicago Railway Co. v. Grantham.

Filed Dec. 15, 1885.

---

No. 12,229.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* GRANTHAM.

SUPREME COURT.—*Supersedeas Brief.—Discussing Questions Arising in Record.*
—Where appellant, in his *supersedeas* brief, not only points out the error or errors upon which he relies, as required by rule 16 of the Supreme Court, but also discusses the questions arising thereon fully and elaborately, he is entitled to have such questions, if properly saved and presented by the record, considered and decided without filing an additional brief.

The Louisville, New Albany and Chicago Railway Co. v. Grantham.

BILL OF EXCEPTIONS.—*Omission of Evidence.*—*Supreme Court.*—Where a bill of exceptions, purporting to contain all the evidence given in a cause, shows on its face that it does not, the Supreme Court will not consider or decide any question which depends for its decision upon the evidence.

INSTRUCTION TO JURY.—*Incomplete Instruction.*—*Exception to.*—*How Saved.*— To make an exception to an instruction, which states the law correctly as far as it goes, available for the reversal of a judgment, because of what it omits to state, instructions covering the omitted points must be requested and refused by the court.

SAME.—*How Considered.*—Instructions must be considered with reference to each other and as an entirety; and a judgment will not be reversed simply because one of the instructions, standing alone, may seem to be imperfect or incomplete.

From the Clay Circuit Court.

*G. W. Friedley*, for appellant.

*J. J. Smiley*, *W. G. Neff* and *G. A. Knight*, for appellee.

HOWK, J.—In this case the appellee, Grantham, sued the Louisville, New Albany and Chicago Railway Company, appellant, in the Putnam Circuit Court, in a complaint of three paragraphs. The object of the suit was to recover damages for alleged injuries to two horses and three mares, owned by and the property of the appellee, and each of a certain specified value, which injuries to such animals, it was alleged, were caused by a locomotive engine and train of cars, owned and operated by the appellant on the line of its railway in Putnam county. In the first paragraph of his complaint appellee stated his cause of action under the provisions of the statute making a railway company liable for the killing or injury of animals by its locomotives or cars on its railroad tracks, unless its road is securely fenced in.

In the second paragraph he alleged that his horses and mares were injured by appellant's locomotive and cars, by and through the negligence of its employees and servants in running its train, and without any fault or negligence on his part.

In the third paragraph of his complaint he charged that

his horses and mares were wilfully injured by the employees and servants of the appellant, who had at the time the control and management of its locomotive and train of cars.

Appellant answered by a general denial of the complaint, and of each paragraph thereof, and the cause being at issue, on its application, the venue thereof was changed to the court below. There the issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages at five hundred dollars. Over appellant's motions for a new trial, and in arrest, the court rendered judgment on the verdict.

In this court appellant has assigned a number of errors, but of these only one is noticed even by its learned counsel in his brief of this cause, namely, the overruling of its motion for a new trial. Of course, under the settled practice of this court, the other errors assigned by appellant, but not discussed by its counsel, are regarded here as waived, and are not considered. *Goldsberry* v. *State, ex rel.*, 69 Ind. 430; *Williams* v. *Potter*, 72 Ind. 354; *Coffin* v. *Trustees, etc.*, 92 Ind. 337.

At the time the appellant perfected its appeal in this cause, by filing the record thereof in the office of the clerk of this court, it filed therewith what is called its "*supersedeas* brief," for the purpose of obtaining a *supersedeas* from the court, or one of the judges thereof. This brief was filed by appellant in compliance with the last clause of rule 16 of the rules of this court, as adopted May 14th, 1884, which reads as follows: "An application for a *supersedeas* must be accompanied by a brief, referring to the record by pages and lines, and pointing out the error or errors upon which the appellant relies." Such a brief is widely different from the brief which our decisions have uniformly required of the appellant on the final hearing of the appeal. Thus, in *Parker* v. *Hastings*, 12 Ind. 654, the court said: "In America, at least in Indiana, a brief, in addition to the statement of the case above mentioned, should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied

on, and an argument based upon both, which should be characterized by perspicuity and conciseness; though, says Bouvier, ' when the argument is pertinent and weighty, it can not be too extended.'" For the want of approximately, at least, such a brief as is here defined, many appeals have been dismissed by this court, or the judgments appealed from have been affirmed. *Bennett* v. *State, ex rel.*, 22 Ind. 147; *Deford* v. *Urbain*, 42 Ind. 476; *Gardner* v. *Stover*, 43 Ind. 356; *Harrison* v. *Hedges*, 60 Ind. 266; *Bray* v. *Franklin Life Ins. Co.*, 68 Ind. 6; *Millikan* v. *State, ex rel.*, 70 Ind. 283; *Wilson* v. *Holloway*, 70 Ind. 407; *City of Anderson* v. *Neal*, 88 Ind. 317; *McCann* v. *Rodifer*, 90 Ind. 602; *Kaster* v. *Kaster*, 93 Ind. 581; *Arbuckle* v. *Biederman*, 94 Ind. 168; *Pratt* v. *Allen*, 95 Ind. 404; *Robbins* v. *Magee*, 96 Ind. 174.

Usually, where a *supersedeas* brief is filed, the appellant afterwards files a further or additional brief, wherein he states the points or questions presented by the alleged errors, of which he complains, cites the authorities, if any, upon which he relies, and makes his argument. But this has not been done by the appellant, in the case in hand. But, in appellant's *supersedeas* brief, its counsel has not only pointed out "the error or errors upon which appellant relies," as required by rule 16 of the rules of this court, but he has also discussed therein the questions arising under such error so fully and ably that appellant is entitled to have such questions, in so far as they are properly saved in and presented by the record, considered and decided.

We have said that the only error noticed by appellant's counsel, in his brief of this cause, was the overruling of the motion for a new trial. Under this error, it is earnestly insisted on behalf of appellant, that the verdict of the jury was not sustained by sufficient evidence. It is claimed, however, by appellee's counsel, that, under our decisions, the question of the sufficiency of the evidence to sustain the verdict can not be considered here, because the bill of excep-

tions shows on its face that all the evidence given in the cause is not in the record. This point seems to be well taken. A map or diagram of appellant's railroad and its surroundings, at and near the places where appellee's animals were injured, and shown to be a correct map, was in evidence as exhibit A, and filed in the cause. This map was not copied in the bill of exceptions, but in the place where it ought to have been copied the clerk has certified that it was "not on file." It is settled by a long line of our decisions that although the bill of exceptions concludes with the usual formula, "this was all the evidence given in the cause," yet if, on the face of the bill, there is an apparent omission of such evidence, this court will not consider or decide any question which depends for its proper decision upon the evidence in the cause. *French* v. *State, ex rel.*, 81 Ind. 151; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Collins* v. *Collins*, 100 Ind. 266; *Jennings* v. *Durham*, 101 Ind. 391. Besides, it seems to us that there is evidence in the record which tends to sustain the verdict on every material point, and in such case, where the verdict has met the approval of the trial court, we have often decided that the judgment will not be reversed on the evidence. *Fitzgerald* v. *Goff*, 99 Ind. 28, and cases cited.

Complaint is also made by appellant's counsel, in argument, of the second instruction to the jury, given by the court of its own motion, as follows: "The first paragraph of the complaint is based upon a statute of the State which requires railroad companies operating roads in the State to securely fence in the tracks of their roads. A railroad company, operating a railroad in this State, is required to securely fence in its track, and, where this is not done, the railroad company so operating the road is liable for all damages done to stock by its locomotives and cars, while being operated upon its road, without regard to the question whether such injury was the result of wilful misconduct or negligence, or the result of unavoidable accident."

So far as this instruction goes, it states the law correctly as applicable to the first paragraph of complaint, to which it was expressly limited. If it was objectionable at all, it was on the ground of what it omitted to state, and if it had been the only instruction of the court in relation to the case stated in first paragraph of complaint, it would have been justly open to the criticism of appellant's counsel. But, even in that case, it would have been incumbent on the appellant, under our decisions, to have requested the court to give an instruction covering omitted points, before it could make its exception to the defective instruction given available as error for the reversal of the judgment. *Taggart* v. *McKinsey*, 85 Ind. 392; *Ireland* v. *Emmerson*, 93 Ind. 1 (47 Am. R. 364); *Fitzgerald* v. *Goff*, *supra*.

Again, we have often decided that the court's instructions to the jury must be taken and considered here with reference to each other and as an entirety. Thus considering the court's instructions in this cause, we are of opinion that they gave the jury the law, fairly and correctly, applicable to the case before them, as made by the pleadings and evidence. In such a case, we can not reverse the judgment below simply because one of the instructions, standing alone and separate from its fellows, may seem to be imperfect or incomplete. *Lytton* v. *Baird*, 95 Ind. 349; *Stout* v. *State*, 96 Ind. 407; *Union Mut. Life Ins. Co.* v. *Buchanan*, 100 Ind. 63.

We have found no error, in the record of this case, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 31, 1885.