LITTLE
ROCK,
Jan'y 1839

TUCKER
vs.
ELLIS.

JAMES & WILLIAM TUCKER *against* JANE ELLIS, ADMINISTRATRIX.

APPEAL *from Conway Circuit Court.*

Errors must be assigned on or before the third day of the term to which a case on error or appeal is returnable in this court; and on a failure so to assign errors, unless good cause is shown, the appeal, or writ of error will be dismissed, or the judgment below affirmed.

LACY, *Judge*, delivered the opinion of the court:

This case stands on an appeal from the Conway Circuit Court. At a previous day of this term, a rule was entered on the motion of the appellee's attorney, for the appellants to show cause why the judgment of the court below should not be affirmed, by reason of a failure on their part to assign errors within the time prescribed by law. A copy of the rule was issued, and the attorney for the appellants acknowledged the service thereof, the motion now is to make the rule absolute, or to affirm the judgment with damages, because the party appealing has not shown any good cause for a failure to file his assignment of errors on or before the three first days of the present term, to which the appeal is returnable. This case depends upon the act of the general assembly, approved October the 29th, 1836, regulating the practice in cases of appeals and writs of error in the Supreme Court. By the 10th section of the act, all appeals taken thirty days before the first day of the next term of the Supreme Court shall be returnable in such next term. And all appeals taken less than thirty days before the first day of the next term, shall be returnable on the first day of the next term thereafter.

And by section 11th, it is declared "that in appeals, and writs of error, the appellant and plaintiff in error, shall assign errors on or before the third day of the term to which such appeal or writ of error is returnable, and in default of such assignment of errors, the appeal or writ of error may be dismissed or the judgment affirmed, unless good cause for such failure be shown. The statute is express and peremptory, that the appeal or writ of error may be dismissed, or the judgment affirmed unless good cause be shown for such failure.

In the case now before us, the appeal, as the record shows, was

B

LITTLE ROOK,
Jan'y 1839

TUCKER
*vs.*
ELLIS.

returnable to the present term; and the appellants acknowledged service of the rule, but have not even attempted to show any cause whatever for their laches and neglect in not assigning errors according to the requisitions of the statute. Let the judgment, therefore, with the costs, be affirmed, with six per centum damages.