## LAMY *v.* LAMY.

*(Supreme Court of New Mexico.* January 8, 1887.)

APPELLATE PRACTICE—ASSIGNMENT OF ERRORS—FAILURE TO FILE IN TIME.

A brief in the usual form, but which was not filed until the fifth day of the term, contained, under the head "Assignment of Errors," a statement that the trial court erred in certain particulars set forth. *Held* that, even if it can be regarded as an assignment of errors at all, which is doubtful, it was not filed in time to comply with Comp. Laws N. M. § 2189, providing that error must be assigned "on or before the first day of the term to which the cause is returnable."

Error to district court, Santa Fe county.

LONG, C. J. This cause is here by writ of error under section 2194 of the Compiled Laws. *Præcipe* for writ was filed August 25, and it issued September 30, A. D. 1885. A transcript of the proceedings in the court below was filed with the clerk of this court, and the cause docketed December 23, 1885. The supreme court, at its last term, convened on the fourth day of January, A. D. 1886, and on the second day of that term the defendant in error, by Catron, Thornton & Clancy, appeared, and on the same day leave was asked by plaintiff for time in which to file brief, and it was given. On the eighth day of January, within the time so extended, plaintiff filed his brief. To that date there was no assignment of error, and four days of the term had expired. The printed brief is in the usual form. Its title-page contains the name of the court and the term wherein the cause is pending, and the words "Brief of Plaintiff in Error," with the signature of the solicitor who appeared for him. The brief contains subdivisions printed under prominent head-lines as follows: "Statement of the Cause," "Assignment of Errors," "Points and Authorities." Following the first subdivision is a narration of the proceedings in the court below as shown by the record. Under the words "Assignment of Errors" is a statement that the court erred below in six particulars, which are named, and then follow the points and authorities relied upon, and the signature of the plaintiff's solicitor as such.

It is not contended by plaintiff that the cause was not returnable at the January term, A. D. 1886, but he claims that his brief is, in legal effect, an assignment of errors; and, although not filed until the fourth day of that term, the court should not for that reason disregard it. On the other hand, the defendant moves to dismiss the writ for the alleged reason that plaintiff did not assign error on or before the first day of the January term, A. D. 1886; and the question for the court now to determine is whether or not this motion shall be sustained.

It is clear that error was not assigned "on or before the first day of the term at which the cause is returnable." There is no claim or pretense of assignment within that time. Unless the contents of the brief can be regarded as an assignment of error, there is none at this time.

Can the brief be treated as such an assignment as the law requires? Bouvier defines a brief to be "an abridged statement of the party's case;" "a summary of the points or questions in issue;" "this statement should be perspicuous and concise." In general legal usage, a brief is in no sense a pleading. It contains a statement of the facts shown by the record, and the points, authorities, and arguments relied upon to sustain the contention presented for consideration. It is in the nature of an argument.

What is an assignment of error? "In practice, the statement of the case of the plaintiff, setting forth the errors complained of. It corresponds with the declaration in an ordinary action. All the errors of which the plaintiff complains should be set forth and assigned in distinct terms, so that the defendants may plead to them." Bouv. 197. "An assignment in error is in the nature of a declaration, and is either of errors in fact or errors of law."

2 Tidd, Pr. 1168. "To an assignment of errors the defendant may plead or demur." Id. 1173. "Issue being joined in error, the proceedings are entered of record." Id. 1175, 1176. "In the house of lords, when the defendant hath joined in error, the cause is set down to be heard in turn."

The author of Powell on Appellate Proceedings, after discussing the manner in which causes may be carried into the appellate court, proceeds: "The next matter in the course of procedure is the pleadings of the parties preparatory to their coming to a hearing. These pleadings consist, on the part of the plaintiff, of his assignment of those errors of which he complains, and, on the part of the defendant, his pleas or answer thereto." "Assignment of error is as indispensable in these proceedings as a declaration and cause of action in the original cause." Powell, App. Proc. 277. To the errors so assigned the defendant must plead or demur within the time allowed by the rules of the court. Id. 280.

In *Hinkle* v. *Shelley*, 100 Ind. 89, it is held: "In this court the assignment of error is the complaint of the appellants, and, like a complaint in the trial courts, it must be good as to all who join therein, or it will be good as to none." See, also, *Robbins* v. *Magee*, 96 Ind. 176, to the same point.

"An assignment of error is indispensable. It is a pleading upon which an issue is to be made by demurrer, joinder, or plea." *Wells* v. *Martin*, 1 Ohio St. 388.

Authorities to the same effect could be multiplied. It is apparent that an assignment of error is in the nature of a pleading, and, while it might properly be copied into the brief as a part of the statement of the cause, it should be made in some more formal way. It may be much doubted whether it is good or permissible practice to omit a formal assignment, relying on the recitals of the brief to supply the omission.

*Adams* v. *Munson*, 3 How. (Miss.) 77, is in point on the motion here. In that case a rule of court required error to be assigned by a particular time, and because of an omission to do so the cause in which the question arose, and 18 others involving the same point, were dismissed, on motion in the appellate court, with the observation: "Error must be assigned within the time prescribed by the rule, or the case will be dismissed on motion."

To the same effect is *Tucker* v. *Ellis*, 1 Ark. 273. Section 11 of the statute of that state is as follows: "In appeals and writs of error the appellant and plaintiff in error shall assign errors on or before the third day of the term to which such appeal or writ of error is returnable, and, in default of such assignment of errors, the appeal or writ of error may be dismissed, or the judgment affirmed, unless good cause for such failure be shown." On the foregoing statute, in the supreme court of Arkansas, the cause was affirmed by reason of appellant's failure to assign errors in time.

The clause of section 2189, Compiled Laws, which controls the practice here, is identical with the statute of Arkansas on the same subject, and was adopted after the foregoing decision. It is safe to follow the courts of Arkansas and Mississippi upon a rule identical in terms with our own.

It is not necessary to decide whether the plaintiff's brief constituted also an assignment of errors, as that was not filed until the fifth day of the term. It is apparent, however, from the authorities cited, that the assignment of errors is in the nature of a pleading. It is the foundation of the plaintiff's cause in this court, and without it he can have no standing here. To this assignment the court must look for the questions to be determined. Upon it the issue is made. In this cause there is no record of any such pleading. There is no application to the court, showing an excuse for omitting to assign errors at an earlier day, for leave to now assign them.

It is, however, contended by plaintiff that the recital in the brief is at least evidence that an effort was made in good faith to comply with the statute, and therefore that good cause is shown for the failure to make a strict compli-

ance therewith. If the defendant's motion were to dismiss because no assignment of error was made on the fifth day of the term, the argument might have some force. It is not, however, perceived how an effort to assign errors on the fifth day of the term can constitute any excuse for failing to do so on the first day. Ten days passed between the date when the transcript was filed and the commencement of the term, and no reason whatever is given for failure, within this period, to make the necessary assignment. In addition, four more days passed, and no leave was asked for time within which to assign errors, nor was any cause shown why they had not been assigned before, nor cause given for delay. The interest of the bar and of litigants will be best subserved by holding a reasonably strict rule; otherwise a lax, irregular practice will prevail, tending to confusion and delay. The requirements of the statutes are in such clear terms as to preclude misapprehension. The authorities define beyond doubt the character and office of an assignment of error. Under such conditions, the failure to comply with a clear and obvious requirement cannot constitute such an excuse as to invoke the discretion of the court to relax the rule of the statute. Discretion cannot, or at least should not, be exercised so as to create delay, without facts upon which to predicate the exercise of discretion.

The motion of the defendant is sustained, the writ of error is dismissed, and the costs occasioned thereby taxed against the plaintiff.

BRINKER and HENDERSON, JJ., concur.