## CONNER *v.* PAXSON.

Debt by *B.* against *A.* on a bond conditioned as follows: Whereas *A.* has obtained an injunction upon *B.'s* ferry until the Court of Chancery order otherwise, and has sued at law to try *B.'s* right thereto; now if *A.* indemnify *B.* from all damages in consequence of the injunction, should the right to the ferry be established in *B.*, then the bond to be void. Plea, that *B.'s* right to the ferry had not been established, &c., and that the grant to him of the ferry was erroneous.—*Held*, that the plea was no bar to the action, the words

Nov. Term, 1822.

CONNER
v.
PAXSON.

in the condition of the bond, relative to the establishment of *B.'s* right to the ferry, being repugnant to the clause of indemnity and void. *Held*, also, that those repugnant words being mere surplusage, the instrument was a good injunction bond under the statute.

Such obligations as injunction bonds should receive a liberal construction: the intention with which they are executed cannot be mistaken, as they are prescribed by statute for a particular object.

Tuesday,
November 5.

ERROR to the *Floyd* Circuit Court.

BLACKFORD, J.—The condition of the bond upon which this action was founded, is to the following effect: Whereas the president and trustees of *New-Albany* have obtained an injunction, prohibiting *John Conner* from the further use of a ferry, &c., and whereas the said trustees have instituted a suit at law to try *Conner's* right to the ferry; now if the president and trustees, or the above bound *Charles Paxson*, shall indemnify and save harmless the said *Conner* from all damages in consequence of said injunction, in case the right to the ferry shall be established in *Conner*, then the obligation to be void, otherwise in force.

The defendant pleaded in bar, that *Conner's* right to the ferry had not been established in the manner mentioned in the condition of the bond, nor in any other manner; and that his grant of the ferry by the commissioners was erroneous.

The plaintiff replied, that the defendant was estopped by a previous decision of this Court from pleading as he had done.

There was a general demurrer to the replication, and judgment for the defendant.

There is nothing in the condition of this bond about *Conner's* right to the ferry, except what relates to its establishment by a suit, said to have been instituted for the purpose, by the president and trustees of *New-Albany*. Now the right of *Conner* to the ferry could not be established by any suit whatever, which the president and trustees could have instituted; and if the condition of the bond depends upon that for its validity, it was impossible at the time it was made, and is therefore void. 1 Bac. 649. Destroy the condition, and the obligation is in force, and single. *Vernon* v. *Alsop*, T. Raym. 68. That result would not suit the obligor. If, on the other hand, the words in the condition about the establishment of *Conner's* right to the ferry, be struck out as contradictory and repugnant to the clause of indemnity on account of the injunction, then the bond and condition will remain substantially good for the purposes intended. Such obligations as the present, prescribed by statute for one

particular object, are entitled to a liberal construction. Their intention can never be mistaken. The words which have been commented on, are certainly idle and nugatory, and entirely foreign to the object of an injunction bond (1). There seems to the Court no good reason why they should not be rejected as surplusage. The case of *Mauleverer* v. *Hawxby*, 2 Will. Saund. 79, it is conceived, fully warrants this opinion (2). In the language of the Court in that case, "these words are void for their absurdity and repugnancy, and no more regard is to be paid to them than if they had been omitted." In this view of the case, the pleas of the defendant cannot be supported; because, whether the plaintiff's right to the ferry had been confirmed or not, and whether the establishment of it by the commissioners was erroneous or not, were questions entirely unconnected with the cause of action. The demurrer to the replication brought these pleas before the Circuit Court for examination; and, as they were no defence to the action, it was the duty of that Court so to have decided. *Cooke* v. *Graham*, 3 Cranch, 235.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the pleas inclusive are set aside, with costs. Cause remanded, with directions to permit the defendant to plead *de novo.*

*Nelson*, for the plaintiff.

*Dewey*, for the defendant.

(1) Stat. 1817, p. 33;—1823, p. 287.

(2) This was an action of debt by *M.*, sheriff, &c., against *H.*, on a bond with a condition as follows: The condition of this obligation is such, that if *W.* appear, &c., on &c., to answer *B.* of a plea, &c., then the *condition* of this obligation to be void, &c. An exception was taken to the condition in which it is said, then the *condition* of this obligation shall be void, &c. The Court held, that the words "then the *condition*," &c. were void for their absurdity and repugnancy, and should be taken in the same sense as if the words had been, "then this *obligation* shall be void;"—that, if the whole clause had been omitted, the bond and condition would have been good enough, for after the bond comes the condition in this manner, "the condition of this obligation is such, that if the said *W.* appear," &c., which words alone show that the bond was taken for the appearance of *W.*, which is all that the statute requires, though the clause, "then this obligation shall be void," had been wholly omitted;—and that the addition of useless and impertinent words shall not hurt the bond and condition which were perfect before. Judgment for the plaintiff.