WILLIAM SAMPSON v. THE ATLANTIC and N. C. RAILROAD CO.

In an appeal to this Court, it is the duty of the appellant to cause to be prepared a concise statement of the case, embodying the instructions of the Judge as signed by him, if there be any exceptions thereto, and the requests of the counsel for instructions, if there be any exception on account of the granting or withholding thereof, and stating separately in articles numbered, the errors alleged. The appellant cannot except to the charge of the Judge on the trial below, for the first time in this Court.

CIVIL ACTION, tried before *Clarke, J.,* at the Spring Term, 1873, of the Superior Court of CARTERET county.

This action was brought against the Railroad Company by the plaintiff, an employee of the road, for damages received while performing his ordinary duties on the road.

The evidence, sent up as a part of the record, not being pertinent to the point on which the case was decided in this Court, need not be recited. His Honor, on the trial, charged the jury, that the "servant or employee of a Railroad Company, injured in the line of his duty in the performance of his usual business, cannot recover damages for an injury received, while so engaged, except in case of gross negligence. The Company is not responsible for damages received by an employee, working with others, in consequence of the act, or neglect of his fellow servant; as it is presumed, that when he undertakes the business, he takes the risks incident to it.

If the evidence satisfies the jury that there was gross negligence on the part of the defendant, and that the plaintiff did not, by his acts or default, contribute to the injury, then if he was injured, the Company is responsible.

The jury gave the plaintiff, as damages $50, and the amount of his physician's bill. Judgment accordingly and appeal by defendant.

*Lehman* and *Battle & Son*, for appellant.
*Haughton*, contra.

Reade, J. His Honor charged the jury, that the plaintiff could not recover unless there was gross negligence on the part of the defendant. Nor could he recover if he contributed to the negligence. This was putting it very strongly against the plaintiff.

To this charge the defendant did not except, nor did he ask for any other charge. The case therefore, comes up to us without any exception whatever. And the exception is taken for the first time upon the argument here, that his Honor did not charge the jury what is negligence in law. The exception comes too late. C. C. P. sec. 301, prescribes that the appellant

" shall cause to be prepared a concise statement of the case, embodying the instructions of the Judge, assigned by him, if there be any exception thereto, and the requests of the counsel of the parties for instructions, if there be any exception on account of the granting or withholding thereof, and stating separately, in articles numbered, the errors alleged." In the record and in the case sent up there is no exception to the charge, as given, and no request for any other charge, nor is any ground assigned for a new trial. If there was any error, it was but just to the Judge that his attention should have been called to it, in order that he might have corrected it; and the law requires that it should have been. We are reasonably indulgent of mere irregularities in cases sent up, if we can get at the merits; but we cannot allow cases to be flung at us in disorder in the hope that some advantage may be gained by accident; or that we will pass by all errors on the part of the appellant, in order to get at errors on the part of the appellee. The burden is upon the appellant.

There is no error.

