O. P. BOST and others v. J. L. BOST and others.

*Wills—Judge's Charge—Evidence—Practice.*

1. Where no response appears in the case as being made to an alleged improper question put to a witness, it does not constitute ground of exception, which can only be taken to the evidence elicited by the improper question.

2. Upon trial of an issue *devisavit vel non*, it was held no error to allow a question to be put to a witness, as to whether in his opinion, the testator had mind enough to enable him to have a reasonable judgment of the kind and value of the property he proposed to will.

3. And a charge to the jury, that if the testator had, at the time of executing the will, sufficient mental capacity to understand the nature of the property disposed of, and how and to whom he was giving it, then he was capable of making a will, is in harmony with the decisions upon the subject.

4. Evidence of kindly relations existing between the testator and members of his family, is admissible to show that the unnatural exclusion of a legatee (grandson) from a fair share of the estate, resulted from alleged mental incapacity; for although such evidence may not be entitled to much weight upon the question of sanity, it is not for that reason incompetent.

5. An exception to the entire charge of a judge to the jury, without specifically pointing out the alleged error, will not be entertained.

(*Lawrence* v. *Steel*, 66 N. C., 584; *Horne* v. *Horne*, 9 Ired., 99; *Moffit* v. *Witherspoon*, 10 Ired., 185; *Paine* v. *Roberts*, 82 N. C., 451; *Barnhardt* v. *Smith* 86 N. C., 473; *Burton* v. *March*, 6 Jones, 409; *State* v. *Scott*, 64 N. C., 586; *State* v. *Hargett*, 65 N. C., 669; *Sampson* v. *R. R. Co.*, 70 N. C , 404, cited and approved.)

ISSUE of *devisavit vel non*, tried at Fall Term, 1882, of CATAWBA Superior Court, before *Avery, J.*

Plaintiffs appealed.

Messrs. *M. L. McCorkle, Hoke & Hoke,* and *Folk* and *Cline,* for plaintiffs.

Messrs. *Hagwood & Haywood,* for defendants.

SMITH, C. J. The rulings presented for a review upon this appeal, are made upon the trial of the issue as to the execution and validity of the script offered for probate as the last will of Joseph Bost, deceased, and opposed by the caveators. The jury returned a verdict against the propounders, finding the script not to be the will of the decedent, and from the judgment thereon they appeal.

1. The first exception appearing on the record is to the allowance of the following question, put by the caveators to a witness, who had interviews with the deceased during his last illness, and opportunities for ascertaining his mental condition:

In your opinion did Joseph Bost, at the time the will was executed, have mind and intelligence sufficient to enable him to have a reasonable judgment of the kind and value

of the property he proposed to will, and to whom he was willing it?

It does not appear what answer, if any, was made to the inquiry, and as objection only lies to the evidence elicited by an improper question, as tending to influence the verdict, when no response is given the question becomes harmless and the exception to it without force. If, however, it be assumed that an answer favorable to the contestants was returned, and an opinion expressed that the deceased did not possess the mind and intelligence described, and that this was considered the legal measure of testamentary capacity, the question pursues the very words of the charge on this point delivered to the jury in *Lawrence* v. *Steel*, 66 N. C., 584, and which, upon exception of the propounders, was sustained on an appeal to this court.

It will be noticed, moreover, that the instruction was given in answer to a prayer for a charge in the words used, and approved in *Horne* v. *Horne*, 9 Ired., 99, which was refused.

But if the degree of intelligence described is beyond that required in a testamentary act, the principle laid down in the charge to the jury is entirely free from complaint or criticism coming from the appellants. They were directed that if the deceased had at the time of executing the paper-writing sufficient mental capacity to understand the nature and character of the property disposed of, who were the objects of his bounty, and how he was disposing of the property among the objects of his bounty, then he was capable of making a valid disposition of his property by will. This definition of testamentary capacity is in harmony with former adjudications. *Horne* v. *Horne, supra;* *Moffit* v. *Witherspoon*, 10 Ired., 185; *Paine* v. *Roberts*, 82 N. C., 451; *Barnhardt* v. *Smith*, 86 N. C., 473.

But aside from these considerations, it was certainly competent to probe and ascertain by this and other germane inquiries, the scope and extent of the intellectual faculties

of the deceased, and whether they come up to the measure demanded for effectual disposition of property by will, and this is all that was permitted by the court. The question and response do not determine the standard, but extract such information as may be needed in its application. The exception was properly overruled.

2. The next exception is to the admission of the testimony of the widow of the deceased, who had been introduced by the caveators and testified to conduct indicating an impaired and unsound mind in her husband. On her cross-examination she had been asked, and, after objection from the propounders, been permitted to speak of occasional interruptions in the relations of the deceased towards the legatee, John F. Bost, his grandson, and to explain the reasons for giving him only the small legacy of $1.00. There had been evidence of kind and parental relations subsisting between the parties. This, and that received in rebuttal, were offered upon the point of testamentary capacity.

In connection with this evidence, and upon the re-examination of the witness, she was allowed to testify after objection from the propounders (and this is the subject matter of the exception we are now considering), that the father of the legatee, who was killed during the late civil war, was dutiful to the deceased and the deceased affectionate towards his son.

The proof previously offered, in our opinion, authorized an extension of the inquiry into the relations between the grandfather and father of the legatee, as of the same nature and accumulative on the point of the alleged unnatural exclusion of the legatee from a fair share of the estate, as the result of a decay of the mental and moral faculties. The evidence, from its remoteness in time from the act on which it bears, may have and perhaps should have but slight weight in determining the asserted and controverted fact of sanity, and is not for this reason rendered incompetent, re-

quiring its rejection. This exception must also be overruled.

3. The propounders requested the court to give certain instructions, in relation to mistakes in law and fact, which we understand were given, and to lay down the rule governing testamentary capacity in the words used in *Horne* v. *Horne,* just as the court was asked to do in *Lawrence* v. *Steel,* and refused, delivering instead the charge already mentioned that was sustained on the appeal. The record does not distinctly state whether the court complied with the request of counsel, unless it be inferred from the statement in the case "that the propounders did not except to the charge after the instruction was given to the jury." But if the court declined, it laid down the rule properly for the guidance of the jury, and there is no error in the refusal, when the law has been properly administered. *Burton* v. *March,* 6 Jones, 409; *State* v. *Scott,* 64 N. C., 586; *State* v. *Hargett,* 65 N. C., 669.

After the trial was concluded, and while the case was being prepared to be transmitted with the record proper to the supreme court, the appellants requested and insisted upon their right to have an exception entered to the entire charge of the judge, and in consequence he has sent up, *in extenso,* what he said to the jury.

We cannot recognise this method of assigning errors and bringing them up for review. It is neither just to the appellee, nor to the trying judge, to remain silent until the final result of the trial is reached, and then seek for error, which if brought to notice might have been corrected at once. Still less can a single exception be taken and entertained in the appellate court to an entire charge, traversing perhaps the whole case and consisting of a series of propositions, to none of which is it specifically addressed. Such a practice cannot be tolerated without doing violence to the

31

Code and subverting fundamental and long established rules.

He (the appellant) shall cause to be prepared a concise statement of the case, embodying the instructions of the judge, as signed by him, if there be any exception thereto, and the requests of the counsel of the parties for instructions, if there be any exception on account of the granting or withholding thereof, and *stating separately in articles numbered the errors alleged.* C. C. P., § 301 ; *Sampson* v. *R. R. Co.,* 70 N. C., 404.

This provision, which is but a legislative expression of a pre-existing rule of practice, evidently contemplates a specific and special assignment of errors, and the direct pointing out of the rulings in which they are alleged to exist. This rule so conducive to fair trials cannot be relaxed without letting in the most serious inconveniences, and most manifest injustice. So far has the principle been carried in the supreme court of the United States, in a review of the rulings of the court below, that under a written rule, itself but an enunciation of a pre-existing practice, a single exception to a series of instructions and not directed to any particular one, will be overruled unless each of the series is erroneous. *Johnson* v. *Jones,* 1 Black., 209 ; *Lincoln* v. *Claflin,* 7 Wall., 132.

In the latter case Mr. Justice FIELD uses this language : "But the error, if it be one, cannot be taken advantage of by the defendants, for they took no exception to the charge on that ground. The charge is inserted at length in the bill, *contrary to the proper practice, as repeatedly stated in our decisions,* and contrary to an express rule of this court."

We have ourselves said that an exception to a mass of testimony of which some was, and other not, competent, could not be entertained, as its office is to point out the particular testimony to which the objection was intended to apply. *Barnhardt* v. *Smith,* 86 N. C., 473. The present

mode of asking a revision of an entire charge without any designation of error, and this too after verdict and appeal is wholly irregular under our system of practice.

There is no error and this will be certified.

No error.                                                          Affirmed.