The plaintiff alleges that he obtained a judgment before a justice of the peace of Rockingham County against one Mrs. Ingram, which was duly docketed in the Superior Court of that county; that Mrs. Ingram died, and her administrator, one Wilson, paid into the office of the Superior Court clerk of said county the sum of $90, to be credited on said judgment. That by reason of false and fraudulent representations of the defendant, the plaintiff was induced to sell and transfer said judgment to the defendant for the price of $25, and this action is brought to recover $65, alleged damages sustained by reason of the said transfer so induced by the "trick and contrivance" of the defendant.
The defendant denies that he made any false or fraudulent representations in regard to the said judgment, or that he induced the plaintiff to sell as alleged, or that the plaintiff relied on his opinion as to the value of said judgment, but made inquiries of others having opportunity to know the facts, and that he had the same opportunity to ascertain the value of the judgment which the defendant had.
Testimony was offered on each side tending to establish the contentions of the parties as set out in the pleadings, and no exceptions were taken to the evidence.
The following issues were agreed upon and submitted to the jury:
1. Did the defendant, by false and fraudulent representations, induce plaintiff to sell to defendant the judgment named in the complaint?
2. What damage has plaintiff sustained thereby?
The presiding judge instructed the jury as follows: (413) If defendant knew that there was more than enough money in the clerk's office for plaintiff than would pay his note against Caudle and the $5 which he paid plaintiff, and if defendant went to plaintiff and represented to him that the Ingram claim or judgment was doubtful, and he would probably never collect his claim, and that he (defendant), did not know how the money could be made, and induced the plaintiff to make the trade with him, by which defendant would receive a much larger amount than plaintiff owed him, you will respond to the issue, "Yes."
And as to damages, the damage would be the difference between the note ($17.50) and interest on it, and the $5 which defendant paid plaintiff, and the amount received by defendant, $90.30. Plaintiff says that it is $65, and you cannot give damages for more than $65, and you may give interest if you choose.
But if defendant did not know that there was more money in office than would pay on the Ingram debt a larger sum than sufficient to settle his debt and the $5; or if he did not make the false representations *Page 333 
charged, you will answer the first issue, "No," and that settles it. The burden is on the plaintiff. Plaintiff excepted.
The jury responded to the first issue, "No."
Judgment was rendered for the defendant. Plaintiff appealed to the Supreme Court, and assigned as grounds of appeal a general exception to the charge of the presiding judge to the jury.
The judgment being of record, and the money to be credited thereon having been paid into the office, the plaintiff in law was fixed with a knowledge of the facts in relation to which the alleged false and fraudulent representations were made, and if the (414) plaintiff's complaint were true, it seems by no means certain that he would be entitled to recover, but the allegations were denied, and we infer from the charge of his Honor that it was a controverted question whether there was more money in the clerk's office than would repay the defendant the amount he had paid the plaintiff.
We have no statement of the evidence, but the case states that there was no exception to it, and we can see no error in the charge of his Honor, which as set out, is brief, and we must assume, was warranted by the evidence. The burden was upon the plaintiff, and it is certain that there was no erroneous proposition of the law contained in the charge.
The appellant "assigned as ground of appeal a general exception to the charge of the presiding judge to the jury."
When we say this will not do, we are but abbreviating what has often been said by this Court. Bost v. Bost, 87 N.C. 481, and many other cases. There is no error.
No error. Affirmed.
Cited: McKinnon v. Morrison, 104 N.C. 362.