SIDNEY DANIEL v. E. S. DIXON ET AL.

(Filed 5 March, 1913.)

1. Evidence — Questions and Answers — Cumulative Evidence—Appeal and Error.

It is the answer to a question, and not the question asked, which makes the evidence; and when it does not appear on appeal what the answer, which has been ruled out, would be, or when the testimony sought is competent and is given in the evidence elsewhere, there is no reversible error.

2. Evidence—Hearsay—Res Inter Alios Acta.

It is proper for the trial judge to exclude from the evidence declarations of third persons as hearsay, and also acts of the same nature which are inadmissible as leading the court into many collateral inquiries, and which fall within the rule of *res inter alios acta.*

3. Deeds and Conveyances—Mental Incapacity—Evidence, Nonexpert.

The rule of evidence, that the mental capacity or incapacity of one whose deed is sought to be set aside for mental incapacity to make it may be testified to by nonexpert witnesses, is approved.

4. Issue Determinative—Other Issues—Harmless Error.

In an action to set aside a deed for the mental incapacity of the grantor to make it, where such incapacity is established by the jury, any error committed in the refusal of the court to so frame and word an issue as to show whether a consideration was paid for the deed, is harmless error so far as it may affect the validity of the deed.

5. Instructions — Substantially Given — Requests, Argumentative—Appeal and Error.

While defendant's requested instruction in this case was argumentative, and may well have been refused on that account, yet

it was substantially given by the judge in his own language, free from error, without materially weakening its force, and on that account its refusal was not erroneous.

**6. Instructions—Issue Determinative—Other Issues—Harmless Error.**

If in an action to set aside a deed for mental incapacity involving other issues, the answer to the issue as to the grantor's incapacity is sufficient to set the deed aside, any error committed by the trial judge in his instruction to the jury upon other issues, having no bearing upon the first, is harmless.

**7. Verdict, Directing—Conflicting Evidence—Appeal and Error.**

A prayer for instruction to direct an answer to an issue upon which the evidence is conflicting should be refused.

**8. Instructions—Deeds and Conveyances—Mental Incapacity.**

The charge of the court to the jury upon the issue of the mental incapacity of a grantor whose deed is sought to be set aside on that ground is approved under the authority of *In re Thorp*, 150 N. C., 487, and other like cases.

**9. Instructions Requested by Jury—Deeds and Conveyances—Issues —Mental Capacity—Appeal and Error.**

In this action to set aside a deed for mental incapacity of the grantor, undue influence, etc., after retiring to their room the jury returned and requested the court to instruct them upon the effect of their answering the first issue in the affirmative: *Held*, no error for the judge to instruct them that if the grantor did not have sufficient mental capacity the deed would be void, otherwise it would be valid, it being equivalent to an instruction that they need not answer the second, and other issues if they answered "Yes" to the first one; but if they answered it "No," they should then consider and answer the others.

APPEAL by defendants from *Bragaw, J.,* at November Term, 1912, of PITT.

This action was brought to cancel two deeds made by Mrs. A. G. Daniel to her daughter, Ida Dixon, on the ground of mental incapacity of the grantor and undue influence exercised in procuring the deeds. Issues were submitted to the jury, and answered as follows:

1. Was Mrs. A. G. Daniel, the grantor named in the paper-writings referred to in the pleadings, so lacking in mental capacity, 30 November, 1904, that she could not make a deed? Answer: Yes.

DANIEL *v.* DIXON.

2. Did the defendants procure the said paper-writings to be signed by Mrs. A. G. Daniel by fraud or undue influence, as alleged? No answer.

3. Was the consideration for the deed in fact paid or performed? No answer.

4. What has been the average rental value of the lands described in the pleadings from 30 November, 1904? Answer: $150.

Judgment for plaintiff, and appeal by defendant.

*Julius Brown and Ward & Pierce for plaintiff.*
*Jarvis & Blow, Harry Skinner for defendant.*

WALKER, J., after stating the case: There are seventeen exceptions to evidence, and all of them fall within one of three classes: (1) If a question, to which objection is taken, is not answered, and there is nothing to show what evidence was expected to be elicited, the objection fails. *S. v. Leak,* 156 N. C., 643. (2) If a competent question is objected to and ruled out, but is afterwards asked and answered, the same result follows. *Gossler v. Wood,* 120 N. C., 69. (3) Declarations of third persons, which are excluded as hearsay, and acts of the same nature which are inadmissible, as leading the court into many collateral inquiries, and excluded under the rule expressed in the law maxim, *res inter alios acta alteri nocere non debet* (Things done between strangers ought not to injure those who are not parties to them). Co. Litt., 132; McElvey on Evidence, pp. 129 and 203.

It is not what is asked a witness that constitutes evidence, but the answer, viewed in connection with the question; and if we do not know what the answer will be, we cannot say whether or not it would be competent, and, therefore, whether any harm has befallen the party by its exclusion (*Bost v. Bost,* 87 N. C., 477); and so, if a rejected question is afterwards answered, the party has suffered no harm, for he has the full benefit of the evidence, the same as if it had originally been admitted. One answer is sufficient, as the evidence does not acquire any greater force or weight, in the view of the law, by repetition.

It is not necessary to consider these exceptions *seriatim,* as they are plainly untenable under the rules above stated, and are, therefore, overruled collectively. In doing this, we concede the principle and are not inadvertent to it, that mental capacity or incapacity may be shown by opinion or nonexpert testimony. While the writer did not altogether agree with the Court in some of the cases establishing the rule, it has been settled that such testimony is inadmissible. *Whitaker v. Hamilton,* 126 N. C., 465; *In re Peterson,* 136 N. C., 22; *Brazille v. Barytes Co.,* 157 N. C., 454; *Taylor v. Security Co.,* 145 N. C., 383.

It was not reversible error to refuse the motion of defendant to add the words "or waived" to the third issue, as the jury found with the plaintiff upon the first issue, which finding was decisive of the case, and the error, if any, was harmless. There was no use in inquiring whether the condition of the instrument had been waived, if it was not her deed; and the same may be said as to the nineteenth exception, which was taken to the submission of the second and third issues. It was immaterial to inquire as to fraud or undue influence if Mrs. Daniel did not have sufficient mental capacity to execute the deed. *Perry v. Insurance Co.,* 137 N. C., 402; *Sprinkle v. Wellborn,* 140 N. C., 163.

Defendant's first and third prayers for instructions were argumentative, and therefore might well have been refused, but they were substantially given in the charge. The presiding judge was not required to pursue the language of the prayers. He had the right to choose his own words in stating the law arising upon the evidence, and if a proper instruction embodied in a prayer is given in substance and effect, without its force being materially weakened by reason of any change in the phraseology, it is all the law requires and all the party can ask. *Lyne v. Telegraph Co.,* 123 N. C., 129; *Griffin v. R. R.,* 138 N. C., 55. Referring to this subject in *Cogdell v. R. R.,* 132 N. C., 852, the Court laid down this rule: "It is well settled that the court is not required to charge the jury in the very words of a prayer for instruction; but if the prayer contains a correct statement of the law as applicable to the facts of the case, the court must give it at least substantially, and cannot substitute an instruc-

DANIEL *v.* DIXON.

tion of its own for it, if thereby the instruction as requested to
be given is (materially) weakened or diminished in its force.
While the court is not required to use the words of the prayer,
it must not change the substance of it in a way calculated to
impair its force. The law does not regard the form, but even
the form should not be so modified as to impart to the instruc-
tion less weight than it would have with the jury if given as it
was submitted to the court: *Provided, always,* that the instruc-
tion, as asked, is in itself correct with reference to the case pre-
sented by the proof." But the court did not, in this case, vio-
late this rule, as the charge substantially and clearly stated the
law, and all the law, applicable to the facts.

The defendants further requested the court to direct the jury
to answer the second issue "No" and the third issue "Yes."
This prayer was properly refused, as there was some evidence
to support the plaintiff's contention as to these issues (*Bel-
lamy v. Andrews,* 151 N. C., 256; *Pritchard v. Smith,* 160
N. C., 79; and furthermore, the error, if any, in refusing to
give the instruction was cured by the verdict of the jury upon
the first issue, which alone is sufficient to sustain the judgment.
*Sprinkle v. Wellborn, supra; Perry v. Insurance Co., supra.*
The exception to the charge of the court was properly over-
ruled, as the court fully instructed the jury as to the law, and
especially were the instructions upon the question of mental
capacity in accordance with the doctrine as settled by this Court
in numerous cases. *Paine v. Roberts,* 82 N. C., 453; *Horah v.
Knox,* 87 N. C., 489; *Bost v. Bost, ibid.,* 479; *Crenshaw v. John-
son,* 120 N. C., 274; *Whitaker v. Hamilton,* 126 N. C., 465;
*In re Snow's Will,* 128 N. C., 102; *Cameron v. Power Co.,* 138
N. C., 365; *Sprinkle v. Wellborn,* 140 N. C., 181; *In re Thorp,*
150 N. C., 487. The charge in this case is substantially the
identical one given by the court in the case last cited by us.
The jury have found under the charge that the grantor did not
have sufficient mental capacity to know and understand what
she was doing; what property she owned and wished to convey;
how and to whom she was conveying it; and, further, that she
did not understand the nature of the act in which she was en-
gaged and its extent and effect. The charge is further sustained

by *Horne v. Horne*, 31 N. C., 106; *Cornelius v. Cornelius*, 52 N. C., 595; *Lawrence v. Steel*, 66 N. C., 586, which are cited in support of the similar charge in the case of *In re Thorp, supra.*

The jury, after retiring to their room, came back into court and requested the judge to instruct them as to the effect of answering the first issue in the affirmative. We do not see how either of the parties could be harmed by the explanation of the court. The response of the judge was, that if she did not have sufficient mental capacity to execute the deed, it would be void, and if she did, of course, it was valid. He had so substantially charged the jury before. The first issue was negatively worded, and the jury were practically told that they need not answer the second and third issues if their answer to the first issue was "Yes," but if it was "No," they should then consider and answer the other issues as to undue influence and compliance with the condition of the deed.

The other exceptions are merely formal, and are fully covered by what we have already said.

No error.