## IRA HARGIS v. KNOXVILLE POWER COMPANY.

(Filed 22 December, 1917.)

**1. Negligence—Imminent Peril—Contributory Negligence.**

Where one is employed in a tent on a mountainside as a blacksmith with other employees of defendant cutting trees thereon, and the evidence shows that one of these trees came down and a broken limb pierced the tent, broke the anvil, and another employee therein across from the anvil, which was in the way of the plaintiff, safely escaped by running; that a limb struck the ground at a place from which the plaintiff had jumped; that he only received warning when the tree was a distance of about 20 feet, and that he was running away so fast he could not turn, and his impetus carried him over a railroad dump, which caused the injury: *Semble*, the plaintiff, under such circumstances, could not be considered guilty of contributory negligence.

**2. Same—Rule of Prudent Man—Instructions.**

A charge of the judge to the jury must be construed as a whole, and, if so construed, it is a correct statement of the law applicable to the evidence arising under the pleadings, it will not be held as erroneous because un-connected fragments thereof, taken separately, may appear to be erroneous; and where exception is taken to a fragment of the charge, because of the judge's failure to charge the rule of the prudent man, this fragment will be construed with a preceding action, with which it is connected, and which states the rule of law contended for by the appellant.

**3. Negligence—Measure of Damages.**

The rule for the measure of damages for a personal injury negligently inflicted was correctly charged by the judge to the jury under the decisions of *Wallace v. R. R.*, 104 N. C., 442; *Rushing v. R. R.*, 149 N. C., 162.

**4. Mental Anguish—Negligence—Physical Injury.**

Under allegations of the complaint in an action to recover damages for a physical injury caused by defendant's negligence, that plaintiff suffered certain serious injuries, from which he continues to suffer, etc., "great pain and distress," he may recover for actual suffering, both of mind and body, when they are the immediate and necessary consequence of the negligent injury.

ACTION, tried before *Webb, J.,* at May Term, 1917, of JACKSON, upon these issues.

1. Was the plaintiff Ira Hargis injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: "No."

3. What damage, if any, is the plaintiff entitled to recover? Answer: "$1,250."

From the judgment rendered, defendant appealed.

*Walter E. Moore, J. J. Hooker, Alley & Leatherwood for plaintiff. Bryson & Black, Sherrill & Harwood for defendant.*

BROWN, J. There are no exceptions to the evidence, and the exceptions to the charge on first issue have been abandoned, and on the argument in this Court the evidence of negligence of defendant is admitted. The assignments of error relied upon are directed to the charge on the second and third issues.

The testimony tends to prove that plaintiff was a blacksmith in the employ of defendant, and at time of the injury at work with one Norton at his forge in a tent on a mountainside. The woods force of defendant were cutting down timber trees just above the tent. A tree was cut down and rolled down the mountainside on the tent and smashed it and broke the anvil.

The plaintiff testified: "On the 19th day of May, 1916, I was working on the railroad grade in a temporary shop. This shop was located on the grade of the railroad that comes up the Tennessee River about 100 feet over the river. The shop in which I was at work was a tent. I supposed I was placed there by Mr. Ashworth, the superintendent on the job. I was engaged in doing the work, and the negroes were upon the cliff and cut a tree into the shop. Mr. Norton, my helper, hollered to me to look out, or to get out, and I heard the tree coming and I jumped off over the dump where they had bridged the road. When I ran out of the shop to this corner, Norton was near this end and ran down the grade. I was back in the back end, near the vise. The tree struck on the right-hand side and a limb about 6 inches through broke in two and ran into the ground near where I was standing, and a limb hit the anvil and broke it. I had no time to consider what to do. The tree was within 20 feet of the shop when the boy hollered, and by the time I hit the ground when I made the first jump, the tree hit the ground where I had been standing. I first received warning from Norton, my helper. I ran and jumped off the dump. The tree was within 20 feet of the shop when Norton hollered to me."

Norton testified that there was a hole in the tent and he looked out and saw the tree coming about 20 feet above. He was near the door

and plaintiff was on other side of forge.  Norton ran out and down the grade and was unhurt.  He says that "if Mr. Hargis had followed me and went the way I did he would not have been hurt, but he could not go that way because the anvil and forge were between us.  He came out the door the same way I did, but instead of going down the grade as I went he went over the bank.  He was running so fast he could not turn.  The grade in front of the shop was between 3½ and 4 feet.  He ran directly across the grade and jumped over the rocks down the bank.  If he had stopped at the door of the tent he would not have been hurt.  If he had gone down the grade he would not have been hurt."

We doubt if the plaintiff can be held guilty of contributory negligence in any view of the evidence.  Suddenly he was confronted with imminent danger of death or seriously bodily injury.  He had not a moment for reflection.  Frightened by his desperate plight, he ran out of the tent and jumped over the dump.  He could not follow Norton on account of the position in which he was placed, and, according to Norton's evidence, he ran so fast that he could not turn, and was thus carried by the impetus over the dump.

Under such circumstances, the law does not hold men to that degree of responsibility it does when there is time for reflection.  The danger was so imminent that plaintiff had to act on intuition.  He had no time to do otherwise.  *Dortch v. R. R.*, 148 N. C., 575; *Hinshaw v. R. R.*, 118 N. C., 1047.  But it is not necessary to rest our opinion upon that ground, as we are of opinion that the issue was found for plaintiff under correct instructions as to the law.

The defendant excepts to this part of the court's charge: "If you find from this testimony that the first thing he knew he was notified by his helper, and that he heard the tree coming, and that he was under the tent, and if you find that he was apprehensive that the tree was coming on him, and if you find that he believed that he was going to suffer death or great bodily harm, and acting on the impulse of the moment he ran out of the way of the tree and ran down the embankment, then it will be your duty to answer the second issue 'No.' "

The criticism of the defendant is that the court failed to instruct the jury that the plaintiff, under the trying circumstances in which he was suddenly placed, must, in the opinion of the jury, have acted with ordinary care and circumspection, such as a reasonably prudent man would have exercised under the conditions with which plaintiff was confronted.

We think the court did instruct the jury that under the circumstances in which he was placed the plaintiff must have exercised ordinary care and prudence and that the jurors were to judge of that.  Immediately preceding and connected with the portion of the charge excepted to the court gave this further instruction:

3—175

"If you find from this testimony that this tree was coming down on him, if you are satisfied by the greater weight of the evidence that this plaintiff, after he was notified by his helper that the tree was coming— if the defendant has satisfied you by the greater weight of the evidence that this plaintiff saw or could have seen this tree coming in time to get out of the tent and avert the injury, and did not do it, he would be guilty of contributory negligence. If you find that he failed to do what a reasonably prudent man would have done under the circumstances, if you find his conduct was not such as a reasonably prudent man would have been under the circumstances, and that that is the reason he got hurt and by that failure he was injured, if you find this to be the fact, by the greater weight of the evidence, you will answer the second issue 'Yes.' "

It is not permissible to take one excerpt from the charge and condemn the whole charge accordingly. *Daniel v. Dixon,* 161 N. C., 377; *Kornegay v. R. R.,* 154 N. C., 389.

As said by *Mr. Justice Walker* at this term in *State v. Orr,* "The charge must always be viewed as a whole and considered in the relation of each part to every other part."

So viewing the charge of the judge in this case, we see no reason to think that the jury failed to comprehend that it was their duty to judge of the reasonableness of plaintiff's conduct. The portion of his Honor's charge complained of relative to the measure of damages is not erroneous. It followed well settled decisions. *Wallace v. R. R.,* 104 N. C., 442; *Rushing v. R. R.,* 149 N. C., 162.

The plaintiff does not set up "mental anguish" as an element of damage as distinct from physical suffering. In fact, there is no reference to "mental anguish" *in ipsissimis verbis* in the complaint. The plaintiff alleges and testifies that he was seriously bruised and suffered great bodily injury, "from which injuries he continues to be sick, sore, maimed, and disordered, and still suffers great pain and distress." As all pain is mental and centers in the brain, it follows that as an element of damage for personal injury the injured party is allowed to recover for actual suffering of mind and body when they are the immediate an necessary consequences of the negligent injury. *Rushing v. R. R.,* 149 N. C., 163; 3 Sutherland, 261.

No error.