MRS. N. M. WYATT, ADMINISTRATRIX, v. CAROLINA FELDSPAR COMPANY.

(Filed 16 May, 1923.)

**Instructions—Requests—Appeal and Error.**

The refusal of a correct prayer for instruction is not erroneous when by a change of phraseology the trial judge has substantially charged it in his own language without weakening its force.

APPEAL by defendant from *Bryson, J.,* at October Term, 1922, of YANCEY.

Civil action to recover damages for an alleged wrongful death. The usual issues of negligence, contributory negligence, and damages were submitted to the jury, and answered in favor of the plaintiff. From the judgment rendered the defendant appealed.

*Watson, Hudgins, Watson & Fouts for plaintiff.*
*Charles Hutchins, Merrimon, Adams & Johnston, and Harkins & Van Winkle for defendant.*

STACY, J. Plaintiff's intestate, an employee of the defendant, while engaged in the discharge of his duties, met his death by stepping on a transformer platform and coming in contact with a highly charged electric wire. The deceased was working on a shed two or three feet from the transformer platform and had asked Lee Hilliard, the foreman in charge of the work, to cut off the power so that he might continue his work in safety. This the foreman assured him would be done as soon as one more car was pulled in; but for some reason the foreman neglected to cut off the current. Defendant contends that plaintiff's intestate knew the current had not been cut off, for he could hear the noise of the running transformers, and that he stepped from the shed to the transformer platform in the face of open and obvious danger, and hence by his own carelessness brought on his death. Plaintiff replies to this by saying that the noise of the transformers had no meaning to the deceased, for it was not proposed that all the wires should be "killed" or cut off.

The exceptions chiefly relied on by the defendant are those relating to his Honor's refusal to give the jury certain special instructions, the principal one being as follows:

"If the jury shall find from the evidence that the plaintiff's intestate was employed to erect plates on a shed in defendant's mill, and you further find that there was a safe place to work and a safe way to and from his work had been given plaintiff, and he was warned not to go about the transformer, and if you further find plaintiff's intestate, instead of adopting the safe way of going from his work, stepped from the shed over and upon the transformer platform and was killed in consequence of so doing, then his own negligence was the proximate cause of the injury, and you should answer the second issue 'Yes.'"

The trial court marked on this request, "Refused except as given in the charge," and we find that the instruction was substantially given in the charge. The same may also be said of the other requests.

The presiding judge is not required to pursue the exact language of the prayers. He may choose his own words in stating the law arising upon the evidence, and if a proper instruction embodied in a prayer be given in substance and effect, without its force being materially weakened by reason of any change in the phraseology, it meets every requirement of the law, and is all that the party is entitled to ask. *Daniel v. Dixon,* 161 N. C., 377, and cases there cited.

After a careful perusal of the record, we have found no ruling or action on the part of the learned judge which we apprehend should be held for reversible error. This will be certified.

No error.